BAUER BROTHERS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8575.   Promulgated November 28, 1927.

*H. A. Mihills, C. P. A.*, for the petitioner.
*George G. Witter, Esq.*, for the respondent.

OPINION.

MURDOCK: The respondent apparently concedes that these bonuses were reasonable compensation for personal services actually rendered, but denies that all or any portion of the amount eventually paid was paid or incurred during the taxable year within the meaning of section 234 (a) (1) and section 200 of the Revenue Act of 1918.

The Commissioner determined, in effect, that the amount of $33,380 additional compensation was neither paid nor incurred in the taxable year and our only problem is to decide whether or not the petitioner has overcome the presumption in favor of the Commissioner by the production of evidence tending to show that in 1918 a legally enforcible obligation to the employees had been incurred. Appeal of *Van de Kamps Holland Dutch Bakers*, 2 B. T. A. 1247. In our opinion the petitioner has not overcome this presumption.

A great deal of the testimony of the three Bauer brothers was indefinite, conflicting, and ambiguous. This was especially true of their testimony in regard to the exact time when they decided to pay bonuses to certain men in fixed amounts and in regard to their reason for so deciding. It also appeared on cross-examination that although they had filed affidavits with the Bureau of Internal Revenue in connection with this case they had never sworn previously either that they had decided upon names and amounts or that any employee had been told of the amount he was to receive. In 1918 there was no writing relating to the payment of any bonus. Nevertheless we have

found as a fact from the uncontradicted testimony of these three witnesses that at some time during the summer or fall of 1918 they decided among themselves upon the men to whom bonuses would be paid and upon the amounts to be paid to each man. But this finding does not determine the issue.

The petitioner sought to prove further that some employees were told in 1918 of the amount of additional compensation they were to receive. C. L. Bauer, the president, on direct examination, stated that no discussion was had with the employees as to the specific amounts of additional compensation to be paid to each, but that the brothers themselves thought the amount was definitely settled and that he had definite conclusions as to what his discretion, as it was termed in the resolution, should be. On cross-examination he qualified his direct testimony with the statement that he would not say that no employee had been told of the amount he would receive. W. A. Bauer, the treasurer, said that he had never mentioned to any employee an amount which such employee would receive. L. E. Bauer, however, testified that he had told three men, Gogenheim Garbrey, and Collette, the amount of their respective bonuses. The three Bauers and Caskey were the only witnesses. The latter knew that he would receive a bonus but did not know the amount of it.

The three brothers made up only one-half of the board of directors. We have grave doubt as to whether they ever had or even thought they had authority, independently of the board of directors, to make such a substantial increase in salaries, particularly as the three of them were to receive about 83 per cent of it themselves. Apparently they thought that some action of the board was necessary. The board of directors met before any book entry was made in regard to the bonuses and authorized such increase as the discretion of the president might dictate. The form of the minutes of this meeting is indicative of original action rather than of ratification of something already done. It implies that no list of names and amounts had yet been made.

If then L. E. Bauer announced to each of three men the respective amount which he would receive, it does not appear that he did so by virtue of any proper authority from the corporation or from his brothers, and it does not appear that the corporation would be bound to pay the amounts he promised. Furthermore, the record contains an inference only that the bonuses as finally paid tallied with those decided upon by the brothers. The thread connecting the final discretion of the president with the earlier unwritten decision of the three brothers is weak indeed.

This case is distinguishable from *Appeal of Reub Isaacs & Co.*, 1 B. T. A. 45, for in that case it clearly appeared that the resolution

after the close of the taxable year was only a formal confirmation or ratification of what had been legally done in behalf of the corporation within the year. Likewise this case is not controlled by *Canton Art Metal Co.* v. *Commissioner*, 6 B. T. A. 446, for in that case it appeared that as to the year 1918, everything necessary to create a liability was done within the taxable year and the making of the book entries was delayed only on account of a mistake. As to the year 1919 the case is some authority for our present decision. *Appeals of American Express Co.*, 2 B. T. A. 498, and *Josiah Wedgewood & Sons, Ltd.*, 3 B. T. A. 355, are not in point.

The facts found in the *Appeals of Randall Bros, Inc.*, 4 B. T. A. 291, and *Illinois Paper Box Co*, 4 B. T. A. 1227, are quite similar to the facts before us. The difference, if any, would be that the present facts are less favorable to the allowance of a deduction. Yet in each of those cases we denied a similar deduction. We therefore hold in this case that the facts proven do not overcome the presumption that the determination of the Commissioner was correct.

*Judgment will be entered for the respondent.*

Considered by MORRIS and SIEFKIN.