**Max and Fannie CARASSO, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 420, Docket 26817.**

United States Court of Appeals
Second Circuit.

Argued June 20, 1961.

Decided July 14, 1961.

Martin D. Cohen (of Cohen, Rosenbaum & Scher), Newark, N. J., for petitioners.

Joseph Kovner, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before CLARK and SMITH, Circuit Judges, and DAWSON, District Judge.

DAWSON, District Judge.

This is an appeal from a Tax Court decision (1960, 34 T.C. 1139) determining a deficiency in taxpayer's income tax for the year 1956. The deficiency arose as a result of disallowance by the Commissioner of certain claimed medical deductions, to wit: amounts spent for food and lodging by petitioners while on a medical convalescence trip to Bermuda. The following facts, as set forth by the Tax Court, are undisputed by the parties:

Petitioners, husband and wife, reside in Brooklyn, New York, and filed their 1956 Federal joint income tax return with the District Director of Internal Revenue at Brooklyn.

In early February, 1956, while in Burlington, Vermont, on business for his employer, petitioner Max Carasso was stricken with a serious illness that resulted in two emergency operations, in which the major portion of his stomach was removed. He was hospitalized in Burlington, Vermont, during the period February 5, 1956, through February 22, 1956. He lost 50 pounds in weight. Upon being released from the hospital he was unable to go home because of his weakened condition, and remained at the house of some friends for a brief period, after which he finally returned to Brooklyn. However, his weakness persisted, and on March 6, 1956, on his doctor's recommendation he flew to Bermuda, accompanied by his wife, for further convalescence. He remained there for 9 days. Upon returning to Brooklyn he convalesced further for at least 6 more weeks, and when he thereafter returned to work, it was only on a part-time basis.

Included in the medical expenses claimed in the return was a total of $493.50 incurred in the Bermuda trip for both petitioner and his wife. These expenses

were included in the amount of $628.50 disallowed by the Commissioner.

The Tax Court found the following facts:

The Bermuda trip was undertaken solely for medical reasons; it was in no sense a vacation trip. Petitioner's condition was such that he could not have made the trip alone, and his wife's presence and assistance were essential. Many of the services performed by her were such as might have been performed by a nurse.

The $493.50 expenses incurred in connection with the Bermuda trip were composed of the following items:

| | |
|---|---|
| Hotel | $108.00 |
| Fare | 217.80 |
| Meals | 162.00 |
| Exit tax | 5.70 |
| | $493.50 |

The Tax Court disallowed the two items for "Hotel" and "Meals."

It is noted that the Tax Court found "the Bermuda trip was undertaken solely for medical reasons." There is no claim made that the trip was anything other than a medical necessity prescribed by taxpayer's physician.

The specific question before the court, therefore, is whether the expenses incurred by taxpayer for food and lodging during a trip concededly prescribed for medical reasons are properly deductible as medical expenses under the Internal Revenue Code of 1954.

Consideration of this question must start with reference to section 262 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 262, which provides:

"Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses."

Meals and lodging are certainly living expenses, and unless some other provision is made in the chapter for their deduction, obviously they may not be allowed. The taxpayer seeks to find this other provision in section 213 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 213, which allows deductions for "expenses for medical care." This section defines medical care as meaning amounts paid

"(A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident, or health insurance), or

"(B) for transportation primarily for and essential to medical care referred to in subparagraph (A)." Internal Revenue Code of 1954, Sec. 213(e) (1).

Petitioners contend that under similar provisions in the Internal Revenue Code of 1939, both travel expenses and amounts spent for board and lodging incidental to a trip prescribed for medical reasons were deductible.

The previous Revenue Code has provided in section 24(a) (1), 26 U.S.C.A. § 24(a) (1), that

"(a) General rule.—In computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x) * * *" Internal Revenue Code of 1939, Sec. 24(a) (1).

Section 23(x) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(x), contained essentially the same provisions as those found in section 213 of the Internal Revenue Code of 1954, except that it did not include the provision allowing a deduction "for transportation primarily for and essential to medical care." Although not specifically spelled out in the statute, the section was interpreted to include both travel expenses and amounts spent for food and lodging incidental to a trip necessary and prescribed for medical reasons. L. Keever Stringham, 1949, 12 T.C. 580, affirmed, Stringham v. Commissioner of Internal Revenue, 6 Cir., 1950, 183 F.2d 579; Stanley D. Winderman, 1959, 32 T.C. 1197. This view was confirmed in rulings published by the Commissioner. 1946-1 Cum.Bull. 75; 1955-1 Cum.Bull. 307.

When the Internal Revenue Code of 1954 was adopted the changes made by it were to eliminate the special reference to "extraordinary medical expenses" and to provide instead that no deduction for living expenses shall be allowed unless "expressly provided in this chapter"; and by the addition in the Internal Revenue Code of 1954 of the deductibility of transportation essential to medical care.

Do these changes in the statute indicate that Congress intended to change the rule previously applied? The language of the changes does not answer this question definitely, one way or the other. The court, therefore, may give consideration to the legislative history of the Revenue Code of 1954, to aid in an interpretation of these provisions.

The Committee Reports of both Houses, setting forth the lawmakers' intent and purpose, are extensive and directly on the point at issue. Both the House and Senate Reports (H.R. No. 1337, 83d Cong., 2d Sess., pp. 30, A60, 3 U.S.C. Cong. & Adm.News (1954) 4017, 4197; S.Rep. No. 1622, 83d Cong., 2d Sess., pp. 35, 219–20, 3 U.S.C.Cong. & Adm.News (1954) 4621, 4855) state that the deduction for transportation expense

> " * * * specifically excludes deduction of any meals and lodging while away from home receiving medical treatment. For example, if a doctor prescribes that a patient must go to Florida in order to alleviate specific chronic ailments and to escape unfavorable climatic conditions which have proven injurious to the health of the taxpayer * * * the cost of the patient's transportation to Florida would be deductible but not his living expenses while there * * * "

The Senate Report further states:

> "A new definition of 'medical expenses' is provided which allows the deduction of only transportation expenses for travel prescribed for health, and not the ordinary living expenses incurred during such a trip." S.Rep. No. 1622, p. 35, 3 U.S.C.Cong. & Adm.News (1954) 4666.

Whatever latent uncertainty existed in the statute is dispelled by an examination of the Committee Reports cited above. It is abundantly clear that Congress intended, by changing section 213 of the 1954 Code, to prohibit deductions of the kind now at issue before us.

Our attention has been called to the recent decision in C. I. R. v. Bilder, 3 Cir., 1961, 289 F.2d 291 which involved substantially similar facts and the identical legal issue presented by the case at bar. In that case, taxpayer, a New Jersey resident, suffering from a very serious cardiac condition was advised by his heart specialist to spend the winter months in a warm climate. Accordingly, he rented an apartment in Florida for a period of months in 1954–55 and listed the cost of the apartment as a deductible medical expense. The Commissioner disallowed the deduction and the case eventually came before the Third Circuit Court of Appeals. The majority held that the taxpayer was entitle to deduct amounts spent for lodgings, as well as transportation to and from Florida, as "medical expenses." A dissent was filed by Judge Hastie, in which he reviewed the language and history of sections 262 and 213 and came to the conclusion that money spent for lodging during a medical trip was not authorized as a medical deduction. This court feels that the relevant statutes, and the legislative history surrounding them, support Judge Hastie's interpretation.

The decision of the Tax Court is affirmed.