Leo R. and Mayme COHN, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 3404.

United States District Court
N. D. Indiana,
South Bend Division.

Feb. 3, 1965.

John L. Carey, Oare, Thornburg, Mc-Gill & Deahl, South Bend, Ind., for plaintiff.

Kenneth P. Fedder, Asst. U. S. Atty., South Bend, Ind., Louis F. Oberdorfer, Asst. Atty. Gen., Lyle M. Turner, Rufus E. Stetson, Henry G. Zapruder, Attys., Dept. of Justice, Washington, D. C., on the brief, for defendant.

GRANT, Chief Judge.

This cause is presently before the Court on cross-motions for summary judgment. Defendant filed its motion for summary judgment on July 21, 1964; plaintiffs filed their motion on September 16, 1964. Both parties have submitted briefs on the issues involved herein.

Plaintiffs in this suit are seeking a refund of income taxes and interest paid in the sum of One Thousand Seven Hundred Sixty-Six and $^{12}\!/_{100}$ Dollars ($1,766.12) for the years 1956 through 1962, inclusive, with interest thereon, which, plaintiffs contend, was illegally and unlawfully assessed and collected. The complaint is in seven counts, one each for the seven years in question; however, only two distinct issues are presented in the seven counts for determination.

The issues arise out of the following facts: Leo Cohn, over 75 years of age in 1956, had been in poor health since 1950. (Compl. pars. 3, 14 and 15.) In each of the years 1956 through 1962, Leo Cohn was required to spend the winter months in Florida and to adhere to a salt-free diet. (Compl. pars. 8, 14, 23, 31, 38, 45, 52 and 60.) Mr. Cohn had to pay $800 per year over and above the

cost of usual lodging to obtain accommodations with kitchen facilities where his wife could prepare salt-free meals. (Compl. pars. 16 and 17.) For each of the seven years here involved, the taxpayers have claimed as a medical expense deduction the $800 attributable to the value of kitchen facilities in their lodgings in Florida. (Compl. pars. 53 and 61; compl. exs. A through E.)

During one of the years in suit, 1957, Leo Cohn was to receive medical treatment at the Mayo Clinic in Rochester, Minnesota. Mr. Cohn was ambulatory during his stay there and stayed at the Kahler Hotel in Rochester, this Hotel being connected to the Mayo Clinic by means of an underground tunnel. Nursing care and other hospital facilities were available at the Kahler Hotel. (Compl. par. 25.) Taxpayers claim that the expenses incurred at the Kahler Hotel, in the amount of $83.34, are deductible medical expenses. (Compl. par. 25; compl. ex. B.)

On September 23, and November 20, 1963, the District Director of Internal Revenue at Indianapolis, Indiana, disallowed the several claims for refund submitted by plaintiffs and gave plaintiffs notice thereof.

Turning first to the deductibility of the expenses incurred by the taxpayers for the kitchen facilities, it is well to note that prior to 1956, Mr. Cohn's health was such that he was able to travel outside his hotel in Florida to take his meals at restaurants and eating-places which served salt-free meals. As to these expenses of this very taxpayer, the Tax Court of the United States, in Cohn v. Commissioner, 38 T.C. 387 (1962), held that Mr. Cohn was entitled to deduct as a medical expense the added charge made by restaurants for the preparation of his meals, specially without salt, along with the funds expended by him in taxi fares to reach such establishments. Subsequently, and during the years here in suit, the health of Mr. Cohn deteriorated to the point that he was unable to travel outside his living accommodations for meals, and then, for the first time, he began taking accommodations equipped with kitchen facilities wherein Mrs. Cohn could prepare his special diet.

The foregoing is the factual context out of which the crux of taxpayers' claims arise. The taxpayers argue that, inasmuch as the expenses attributable to obtaining salt-free meals were deemed deductible as medical expenses prior to 1956 (in the form of additional charges at restaurants and taxi fares), expenses attributable to obtaining salt-free meals thereafter should likewise be deductible (now in the form of additional accommodation charges for kitchen facilities). Taxpayers contend that the objectives for which the expenses were incurred in the two instances are identical: Mr. Cohn's health demanded that he eat only salt-free foods. The form or manner in which this objective is achieved is irrelevant for tax purposes, or, at least, should be.

To the Government, on the other hand, the "form" makes all the difference in the world. Admitting that the expenses for taxi fares and additional restaurant charges are deductible, the Government contends that kitchen facilities, without more, are different in character. A kitchen is a facility for the preparation of food, salted or salt-free, and the mere fact that the facility is to be used to prepare one rather than the other does not, in itself, increase the cost of the facility. Once one has taken accommodations with kitchen facilities attached thereto, the cost of the kitchen facilities is in no way determined or influenced by the physical well-being of the occupant. Absent any allegation that the kitchen facilities imposed any "additional food preparation costs" on Mr. Cohn by reason of his poor health as compared to one in good health engaging similar accommodations, the Government contends no cause of action is set forth. Thus, the Government would have taxpayers' claim for deductions in this case stand on its own, distinct from the claim made prior to 1956, and would contend that the deductibility of the expenses here at issue depends, not only upon the purpose of said expenses,

but also upon the manner or form by which that purpose was sought to be effected.

■ A studied consideration of the respective contentions in this cause (briefly synopsized in the preceding several paragraphs) has convinced the Court that the better argument is that of the Government. While the position taken by the plaintiffs is not devoid of all merit or persuasion, it is readily apparent that the nature of the expense, and the manner by which salt-free meals were obtained, underwent such a substantial change subsequent to 1955 that the prior determination of deductibility in Cohn v. Commissioner, supra, cannot control the present determination.

■ The expenses held deductible in the first Cohn case, were those attributable to "additional food preparation costs." There, the court said (at 391):

> * * * (T)he item sought to be deducted is not the cost of the food which was taken to satisfy Leo's ordinary nutritional needs but rather the additional charge for special preparation of salt-free food.

However, once the decision had been made by Mr. Cohn to obtain salt-free meals by means of preparing them in his own rented kitchen, the "salt-free" character of his meals lost its tax significance, there being no allegation that Mr. Cohn required anything other than an ordinary kitchen for that purpose. Furthermore, there were no additional food preparation costs after renting the kitchen, for, absent allegations to the contrary, it must be assumed that Mrs. Cohn could prepare salt-free meals as cheaply as ordinary meals. Thus, the complaint would indicate that subsequent to 1955 Mr. Cohn's salt-free requirement did not raise his food preparation bill at all.

■ The Government makes a well-drawn analogy to Rev.Rul. 55–261, 1955–1 Cum.Bull. 307, 312, which says, in part:

> Where the special food or beverage is taken as a substitute for food or beverage normally consumed by a person and satisfies his nutritional requirement, the expense incurred is a personal expense within the meaning of Section 24(a) (1) of the Code; but where it is prescribed by a physician for medicinal purposes and is *in addition* to the normal diet of the patient, the cost may qualify as a medicinal expense under Section 23(x). (Emphasis added.)

The foregoing indicates that if the special food is a substitute for normal food, there is no deduction. Applying this rule to food preparation costs, the Government contends that if the special preparation is a substitute for the normal food preparation, there is no deduction. The conclusion is that since the taxpayer does not allege that there was any added cost of food preparation over his ordinary nutritional requirements, his claimed deduction must be disallowed.

■ As has been noted, the purpose or objective of the expense cannot, in itself, be controlling. As was said in Havey v. Commissioner, 12 T.C. 409, 412 (1949):

> In determining allowability (as a medical expense deduction), many factors must be considered. Consideration must be accorded the motive or purpose of the taxpayer, but such factor is not alone determinative. To accord it conclusive weight would make nugatory the prohibition against allowing personal, living, or family expenses.

And, while it is perhaps undeniable that the fruits of the expense had a beneficial effect upon Mr. Cohn's health, this cannot render an otherwise personal or living expense deductible under the "medical care" provisions of the Code. Donnelly v. Commissioner of Internal Revenue, 262 F.2d 411, 413 (2d Cir. 1959). As for the apparent harshness of holding against the taxpayer here, and the apparent logical inconsistency and lack of compassion in allowing a deduction for medical expenses in one instance and then denying it in another when the same taxpayer suffers further deterioration of health, about all the Court can do is to again point out that it is the nature of the

expense, considered with other factors, and not just the taxpayer's health that goes to determine deductibility, and then to adopt the words of Judge Frank that "Humane considerations in revenue laws are undeniably exceptional." Ochs v. Commissioner of Internal Revenue, 195 F.2d 692, 695 (2d Cir. 1952).

■ Thus it must be held that the expenses incurred in obtaining hotel accommodations with kitchen facilities less those attributable to accommodations without such facilities do not meet the requirements of, and cannot be allowed as a deduction under, the applicable provisions of the Internal Revenue Code. Internal Revenue Code of 1954, Sec. 213 (26 U.S.C. § 213); Treasury Regulations on Income Tax (1954 Code), Sec. 1.213–1; see also, Commissioner of Internal Revenue v. Bilder, 369 U.S. 499, 82 S.Ct. 881, 8 L.Ed.2d 65 (1962), and Carasso v. Commissioner of Internal Revenue, 292 F.2d 367 (2d Cir. 1961), both pertinent to the issues here in question and discussed at length in the Government's briefs.

■ Turning now to the deductibility of the expenses of Mr. Cohn incurred during his stay at the Kahler Hotel, incident to his visit to the Mayo Clinic, the Court first turns to the Treasury Regulations on Income Tax (1954 Code), Section 1.213–1(e) (1) (v):

> The cost of in-patient hospital care (including the cost of meals and lodging therein) is an expenditure for medical care. The extent to which expenses for care in an institution other than a hospital shall constitute medical care is primarily a *question of fact which depends upon the condition of the individual and the nature of the services he receives* (rather than the nature of the institution). (Emphasis added.)

However, taxpayer, in his complaint, alleges no more than that "nursing care and other hospital facilities are available" at the Kahler Hotel. It is not alleged that Mr. Cohn made use of such facilities or services. Therefore, the complaint and the pleadings as they now stand will not support a finding that the expenses incurred by the taxpayer at the Kahler Hotel qualify as deductible medical expenses.

■ A final note affecting the issues on the cross-motions for summary judgment here presented was brought to the attention of the Court with the filing of the Government's "Supplemental Brief" on November 5, 1964. Contained therein are affidavits of the two general managers of the Caribbean Hotel, 3737 Collins Avenue, Miami Beach, Florida, during the period here in question. Both affidavits reveal that, during this period —1956 to 1962, it was the practice of the hotel restaurant to serve salt-free meals at no extra charge, and that such practice continued uninterrupted during those years.

The Government contends that the statements contained in the affidavits place in dispute facts upon which the taxpayer relies in his motion for summary judgment. Certainly this seems to be the case, for the taxpayer has alleged that the kitchen facilities were engaged in lieu of trips outside the hotel to restaurants serving salt-free meals, such trips, in turn, being necessitated by the unwillingness of the hotel to prepare and serve such foods. (Comp. pars. 9–17, 23, 24, 31, 32, 38, 39, 45, 46, 52, 53, 60, 61.) Of course, the Court has no indication other than the statement of the Government in its "Supplemental Brief" that it was the Caribbean Hotel in Miami Beach where Leo Cohn incurred the expenses incident to lodging accommodations and kitchen facilities during the years 1956–1962. While neither such a statement nor an affidavit can be used as the sole determination of a fact, such can be used to indicate a factual dispute; as such, it is an additional reason to deny the taxpayer's motion for summary judgment as to those expenses. Furthermore, this would not necessarily affect the Government's motion for summary judgment. F. A. R. Liquidating Corp. v. Brownell, 209 F.2d 375 (3rd Cir. 1954); Walling v. Richmond Screw Anchor Co.,

154 F.2d 780 (2d Cir. 1946), cert. den. 328 U.S. 870, 66 S.Ct. 1383, 90 L.Ed. 1640 (1946); see also, for the reasons for the rule, 6 Moore: Federal Practice 2092–2095 (¶ 56.13).

Therefore, it is hereby ordered, adjudged, and decreed, for reasons herein indicated:

(1) That, with regard to the deductibility of expenses incurred incident to taxpayer's rental of kitchen facilities upon his complaint and pursuant to Section 213 of the Internal Revenue Code of 1954 (26 U.S.C. § 213), the motion for summary judgment of the plaintiffs, Leo R. and Mayme K. Cohn, is hereby denied, and the motion for summary judgment of the defendant, United States of America, is hereby granted; and

(2) That, with regard to the deductibility of expenses incurred incident to taxpayer's stay at the Kahler Hotel, Rochester, Minnesota, upon his complaint and pursuant to Section 213 of the Internal Revenue Code of 1954 (26 U.S.C. § 213), the plaintiffs, Leo R. and Mayme K. Cohn, pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, submit to this Court within twenty days from the date of this Order supplemental affidavits going to the question of the medical services actually received by the taxpayer at the Kahler Hotel. Should such supplemental affidavits not be forthcoming within the time allowed, pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, entry of an Order will thereupon be made denying the motion of the plaintiffs, Leo R. and Mayme K. Cohn, for summary judgment on this issue, and granting the motion of the defendant, United States of America, for summary judgment on this issue; and

(3) That, with regard to the deductibility of expenses incurred incident to taxpayers' transportation to and from Florida (heretofore not mentioned, and not otherwise briefed by either of the parties), upon the complaint (Comp. pars. 54 and 62) and pursuant to Section 213 of the Internal Revenue Code of 1954 (26 U.S.C. § 213), the motion for summary judgment of the plaintiffs, Leo R. and

Mayme K. Cohn, is hereby granted, and the motion for summary judgment of the defendant, United States of America, is hereby denied. Treasury Regulations on Income Tax (1954 Code), Sec. 1.213–1 (e) (1) (iv); Carasso v. Commissioner of Internal Revenue, 292 F.2d 367 (2d Cir. 1961).