Harlin H. and Ella Lucas v. Commissioner.
Lucas v. Commissioner
Docket No. 1178-65.
United States Tax Court
T.C. Memo 1966-253; 1966 Tax Ct. Memo LEXIS 31; 25 T.C.M. (CCH) 1312; T.C.M. (RIA) 66253; November 22, 1966
Harlin H. Lucas, pro se, Box 43, Harlowton, Mont. Walter John Howard, Jr., for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined a deficiency in the income tax of petitioners for the year 1962 in the amount of $103.36. Respondent has conceded on brief that petitioners are entitled to a deduction of $164 as a medical expense for automobile transportation during 1962, thus leaving for our decision the single issue as to whether or not the costs of meals and lodging for outpatient medical care in Seattle are deductible as medical expenses under section 213, Internal Revenue Code of 1954. Most of the facts were stipulated by the parties and are so found. Harlin H. Lucas (hereinafter called petitioner) and Ella Lucas are husband and wife residing in Harlowton, *32 Montana. They filed their joint Federal income tax return for the year 1962 with the district director of internal revenue at Helena, Montana. Throughout 1962 the petitioner was an employee of the Chicago, Milwaukee, St. Paul and Pacific Railroad at Harlowton. He has suffered from rather severe malignancies of exposed facial areas for several years. During 1962 it was necessary for the petitioner to make five trips by automobile and train from Montana to Seattle, Washington, for outpatient medical care by radiologists and plastic surgeons. While in Seattle he stayed with his sister who resides there. In his income tax return for 1962 the petitioner itemized medical expenses totaling $1,008.40 and claimed a medical deduction of $865.28 after applying the 3 percent of income adjustment. The amount of $600 (computed at the rate of $8 per day for 75 days) was claimed for meals and lodging while traveling away from home for medical care. In his notice of deficiency respondent determined that the petitioner was not entitled to deduct the costs of meals and lodging claimed for outpatient medical care. Petitioner contends that he should be allowed the deduction and that to deny it to him *33 would be unfair and discriminatory. Respondent counters with the contention that such costs are not allowable as part of the claimed medical expense deduction because they were not incurred as part of a hospital bill. Section 213(e)(1), Internal Revenue Code of 1954, defines "medical care" as follows: (e) Definitions. - For purposes of this section - (1) The term "medical care" means amounts paid - (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance), or (B) for transportation primarily for and essential to medical care referred to in subparagraph (A). The intent of Congress in enacting this provision of the statute is expressed in the House and Senate Committee Reports in the following manner: Subsection (e) defines medical care to mean amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of diseases or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance), or for transportation primarily for and essential *34 to medical care. The deduction permitted for "transportation primarily for and essential to medical care" clarifies existing law in that it specifically excludes deduction of any meals and lodging while away from home receiving medical treatment. * * * H. Rept. 1337, 83d Cong., 2d Sess. A60(1954); S. Rept. 1622, 83d Cong., 2d Sess. 219-220 (1954). Sections 1.213-1(e)(iv) and (v), Income Tax Regulations, carry out the legislative intent by providing: (iv) Expenses paid for transportation primarily for and essential to the rendition of the medical care are expenses paid for medical care. However, an amount allowable as a deduction for "transportation primarily for and essential to medical care" shall not include the cost of any meals and lodging while away from home receiving medical treatment. (v) The cost of in-patient hospital care (including the cost of meals and lodging therein) is an expenditure for medical care. As respondent points out, the predecessor statute, section 23(x) of the Internal Revenue Code of 1939, had been construed by this Court as allowing all meals and lodging as a part of the medical expense deduction. See L. Keever Stringham, 12 T.C. 580 (1949) *35 affirmed per curiam, 183 F. 2d 579 (C.A. 6, 1950). But in Commissioner v. Bilder, 369 U.S. 499 (1962), the Supreme Court of the United States held that Congress by the enactment of section 213 of the 1954 Code specifically excluded the deductibility of meals and lodging as medical expenses unless incurred as a part of a hospital bill. See also Max Carasso, 34 T.C. 1139 (1960), affd. 292 F.2d 367 (C.A. 2, 1961), certiorari denied 369 U.S. 874; Martin J. Lichterman, 37 T.C. 586 (1961); and Leo R. Cohn, 38 T.C. 387, 391 (1962). Petitioner impressed us with his sincere belief that the law should permit him to deduct the expenses in question. However, notwithstanding the personal compassion we have for petitioner under these circumstances, we are compelled to follow the statute as explained by Congress and the Supreme Court. Accordingly, we hold that the claimed costs of meals and lodging incurred by petitioner while in Seattle during 1962 for outpatient medical care are not deductible as medical expenses. Decision will be entered under Rule 50.