ROBERT M. AND DORIS D. ROSE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2984–67.   Filed June 24, 1969.

Robert M. Rose, pro se.
*George J. Tomlinson*, for the respondent.

522

OPINION

The primary question presented for our decision is whether petitioners are entitled to deduct the living expenses of Suzanne and her mother, Doris, while staying at a motel in Destin, Fla., at their rented apartment in New Orleans, La., and at a motel in Phoenix, Ariz., as expenses paid for medical care within the meaning of section 213 of the Internal Revenue Code of 1954.[2] In addition to the expenses incurred during 1964 in Phoenix, Ariz., petitioners are also claiming a deduction for living expenses incurred in Arizona during 1965, a year not in issue in this case. Also in issue is the deductibility as a medical expense of the transportation and living expenses incurred by the petitioner, Robert, on his trip to Destin, Fla. Respondent contends that all such expenses constitute nondeductible personal, living, or family expenses under section 262,[3] and may not be allowed as medical expenses.

---

[2] Unless otherwise stated, all references are to the Internal Revenue Code of 1954, as amended.

Sec. 213 allows as deductions in computing net income "the expenses paid during the taxable year, not compensated for by insurance. or otherwise, for medical care of the taxpayer, his spouse, or a dependent * * *."

Subsec. (e) (1) defines such expenses as "amounts paid"—

(A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body,

(B) for transportation primarily for and essential to medical care referred to in subparagraph (A) * * *

[3] Sec. 262 provides "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses."

By way of introduction, it should be noted that section 23(x) of the Internal Revenue Code of 1939, the predecessor of section 213, has been construed by this Court as allowing a deduction for both traveling expenses and amounts spent for food and lodging incidental to a trip necessary and prescribed for medical reasons. *L. Keever Stringham*, 12 T.C. 580 (1949), affirmed per curiam 183 F. 2d 579 (C.A. 6 1950); *Stanley D. Winderman*, 32 T.C. 1197 (1959). But in *Commissioner* v. *Bilder*, 369 U.S. 499 (1962), reversing 289 F. 2d 291 (C.A. 3, 1961) and 33 T.C. 155 (1959), the Supreme Court held that Congress by the enactment of section 213 specifically excluded the deductibility of meals and lodging at the prescribed location as medical expenses unless incurred as part of a hospital bill. Accord, *Max Carasso*, 34 T.C. 1139 (1960), affd. 292 F. 2d 367 (C.A. 2, 1961), certiorari denied 369 U.S. 874; *Martin J. Lichterman*, 37 T.C. 586 (1961); and *Leo R. Cohn*, 38 T.C. 387, 391 (1962).

The factual situation in *Bilder* is similar to that of the instant case in that the taxpayer therein was ordered by his physician to change his physical environment as part of a regimen of medical treatment. In finding that Bilder's lodging expense at the prescribed location was not a deductible medical expense, the Supreme Court based its conclusion on the following excerpt from the committee reports regarding the enactment of section 213:

Subsection (e) defines medical care to mean amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of diseases, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance), or for transportation primarily for and essential to medical care. The deduction permitted for "transportation primarily for and essential to medical care" *clarifies existing law* in that it specifically *excludes deduction of any meals and lodging while away from home receiving medical treatment*. For example, if a doctor prescribes that a patient must go to Florida in order to alleviate specific chronic ailments and to escape unfavorable climatic conditions which have proven injurious to the health of the taxpayer, and the travel is prescribed for reasons other than the general improvement of a patient's health, the cost of the patient's transportation to Florida would be deductible *but not his living expenses while there*. However, if a doctor prescribed an appendectomy and the taxpayer chose to go to Florida for the operation not even his transportation costs would be deductible. The subsection is not intended otherwise to *change* the existing definitions of medical care, to deny the cost of ordinary ambulance transportation nor to deny the cost of food or lodging provided as part of a hospital bill. H.R. Rep. No. 1337, 83d Cong., 2d Sess. A60 (1954); S. Rep. No. 1622, 83d Cong., 2d Sess. 219–220 (1954). (Emphasis supplied.)[4] [Footnote omitted.] [4]

As noted by the Supreme Court in *Bilder*, the substance of the rule set forth in both legislative reports has been embodied in the regula-

---

[4] Emphasized portions of the quoted material were supplied by the Supreme Court in *Bilder*.

**528**

tions interpreting section 213, pertinent parts of which are set forth in the margin.[5]

The evidence of record establishes beyond question that Suzanne was suffering from a "disease" and was a very sick girl indeed in 1964. We are also convinced that her trip to Destin in August of that year with Doris, her move into the apartment with her mother upon her return to New Orleans, and their subsequent trip to Arizona in December were all dictated by considerations of her health and were in no sense pleasure trips or vacations. We are satisfied that all of these trips were made for medical reasons and not for personal ones, and that Doris accompanied Suzanne and stayed with her as an indispensable family member, rendering vital and necessary care and attention to her 10-year old daughter. All of this has indeed been recognized by respondent in his deficiency notice which has allowed the transportation expenses for both mother and daughter but disallowed the additional food and lodging expenses claimed. Respondent relies heavily

---

[5] Sec. 1.213–1  Medical, dental, etc., expenses.
(e) *Definitions*—(1) *General.* (i)

\*　　\*　　\*　　\*　　\*　　\*　　\*

(iv) Expenses paid for transportation primarily for and essential to the rendition of the medical care are expenses paid for medical care. However, an amount allowable as a deduction for "transportation primarily for and essential to medical care" shall not include the cost of any meals and lodging while away from home receiving medical treatment. For example, if a doctor prescribes that a taxpayer go to a warm climate in order to alleviate a specific chronic ailment, the cost of meals and lodging while there would not be deductible. On the other hand, if the travel is undertaken merely for the general improvement of a taxpayer's health, neither the cost of transportation nor the cost of meals and lodging would be deductible. If a doctor prescribes an operation or other medical care, and the taxpayer chooses for purely personal considerations to travel to another locality (such as a resort area) for the operation or the other medical care, neither the cost of transportation nor the cost of meals and lodging (except where paid as part of a hospital bill) is deductible.

(v) The cost of in-patient hospital care (including the cost of meals and lodging therein) is an expenditure for medical care. The extent to which expenses for care in an institution other than a hospital shall constitute medical care is primarily a question of fact which depends upon the condition of the individual and the nature of the services he receives (rather than the nature of the institution). A private establishment which is regularly engaged in providing the types of care or services outlined in this subdivision shall be considered an institution for purposes of the rules provided herein. In general, the following rules will be applied.

(a) Where an individual is in an institution because his condition is such that the availability of medical care (as defined in subdivisions (i) and (ii) of this subparagraph) in such institution is a principal reason for his presence there, and meals and lodging are furnished as a necessary incident to such care, the entire cost of medical care and meals and lodging at the institution, which are furnished while the individual requires continual medical care, shall constitute an expense for medical care. \* \* \*

(b) Where an individual is in an institution, and his condition is such that the availability of medical care in such institution is not a principal reason for his presence there, only that part of the cost of care in the institution as is attributable to medical care (as defined in subdivisions (i) and (ii) of this subparagraph) shall be considered as a cost of medical care; meals and lodging at the institution in such a case are not considered a cost of medical care for purposes of this section. \* \* \*

on his regulations set forth hereinabove, and we have already previously held that these regulations set forth reasonable rules to be applied in effectuating the statute. *Martin J. Lichterman, supra* at 596.

The petitioners argue that Congress did not intend by the enactment of section 213 to preclude the deductibility of the additional expenses of meals and lodging which would not have been incurred but for the occasion of the illness. In this regard petitioners state that it was necessary for Robert to maintain the family residence in New Orleans for himself and his son, Conrad, and that the expenses incurred by Doris and Suzanne while living away from that residence resulted in an overall increase in the family living expenses. We disagree with petitioners' interpretation of the statute.

Since the instances of increased or duplicated living costs would appear to be rather high among families having members who are required to take trips for medical reasons, Congress would undoubtedly have made known its intention to make an exception in the case of such duplicated expenses, had it intended to do so. Instead, Congress only enunciated the broad rule that the expenses of meals and lodging at a prescribed location do not constitute medical expenses unless incurred as part of a hospital bill. Furthermore, petitioners' contention is negated by *Commissioner* v. *Bilder, supra,* wherein the Supreme Court denied the deduction of the taxpayer's living expenses even though it had been found that these expenses would not have been incurred but for the advice of his physician. We had previously denied deduction for meals and hotel lodging expenses in *Max Carasso, supra,* under similar factual circumstances.

The pertinent regulations upon which respondent relies recognize that the cost of meals and lodging for a patient in a hospital constitutes a cost of medical care, and that under some circumstances cost of meals and lodging furnished in an institution other than a hospital may constitute cost of medical care. They provide, however, that a private establishment, in order to be considered as a qualifying institution, must be regularly engaged in providing types of care or services referred to in the regulations. The living expenses in issue here were not incurred in either a hospital or private institution within the meaning of these regulations.

Petitioners argue that Congress did not intend to allow a deduction for the expenses of meals and lodging *only* when paid as part of a hospital bill, and that such expenses would be similarly deductible when incurred in connection with accommodations which duplicate a

hospital environment. Petitioners further urge that the expenses in issue here fall within the latter category due to their efforts to change Suzanne's climate and environment and to minimize the quantity of house dust. They urge that these efforts and services of Suzanne's mother of the type sometimes rendered by a professional nurse, made the accommodations in motels and the apartment similar to institutional care for medical purposes so that rent, food, and other living expenses qualify as deductible "medical" expenses. However, the record does not support the conclusion that the petitioners duplicated a hospital environment either in the motels at Destin and Phoenix or at the efficiency apartment in New Orleans.

Except for differences in climate the record does not disclose that the motel rooms in question were any more hospital-like than motel rooms anywhere else. The equipment was portable and minimal and no different from that used by Suzanne at home, it consisting merely of a nebulizer to create medicated vapor spray when necessary, and allergenic pillows, mattress covers, et cetera. Certainly the record fails to disclose that any of the accommodations in question created a hospital environment; principally it was different from home only in the sense that a change of climate was accomplished by the trips to Destin and Phoenix and house dust was at least to some extent minimized by the locational changes, sparse furnishings and the high-story location of the apartment. Suzanne was not confined to bed or immobilized at any of these locations; after the 10-day trip to the beach in Florida she returned to New Orleans and entered school which she attended regularly throughout the rest of 1964, missing only 4 days in that 3½-month period. It does not appear of record that the situation was any different after she went to the motel in Phoenix for the last 3 days of the year. Petitioners have not established that the food, lodging, and other living expenses in question qualify as medical expenses in any sense.

Petitioners further point out that the Bristow Towers was owned by the Southern Baptist Hospital, and that the hospital was immediately adjacent to the Bristow Towers. These factors do not dictate our determination here. See *Cohn* v. *United States*, 240 F. Supp. 786 (N.D. Ind. 1965). It is the nature of the services rendered as medical care, its therapeutic nature to the individual, that determines whether or not it qualifies for deduction under section 213, not the location of the facility. See *C. Fink Fischer*, 50 T.C. 164 (1968).

We do not find it necessary to reach the question of whether it might be possible for an individual to find or create living quarters completely unrelated to any established institution providing medical care, but which substantially duplicate hospitalization, such that all or a portion of the living expenses incurred therein might lose their character as nondeductible personal expenses. We hold and conclude on the record here that the living expenses incurred on behalf of Suzanne during 1964 while she was staying at the motel in Destin, Fla., at the Bristow Towers apartment in New Orleans, La., and at a motel in Phoenix, Ariz., represented the precise type of personal expenses the deductibility of which Congress sought to preclude by the enactment of section 213, and as such are nondeductible personal living expenses under section 262.

Petitioners also seek to deduct Doris' living expenses under section 213 which were incurred while she was staying with Suzanne at the prescribed locations. They assert that Doris' presence was indispensable because of Suzanne's age and the need for certain services which Doris performed as a quasi-nurse. We have disallowed the deduction of such expenses under similar circumstances. *Max Carasso, supra; Leo R. Cohn, supra.* Although their position both at trial and on brief is not clear, petitioners may have been arguing that the payments made by Robert to his wife, Doris, for her living expenses constituted compensation for nursing services. We hold that these payments were primarily for the purpose of providing support for his wife, and as such do not constitute a medical expense. That Doris provided devoted and tender care and attention to Suzanne is clear, but she was not being paid for those maternal services by her husband.

Petitioners also seek a deduction as a medical expense of the transportation and living expenses incurred by Robert on his trip to Destin, Fla., where he stayed with Suzanne and Doris at the "Riviera on the Gulf" motel. Suzanne and Doris had arrived in Destin several days before Robert. There is no evidence in the record which would indicate that Robert was advised by Suzanne's physicians to make the trip, or that his presence was in any way necessary to the proper medical care of his daughter. Therefore, his transportation to and from Destin was not "primarily for and essential to medical care" within the meaning of section 213(e)(1)(B). Rev. Rul. 58-533, 1958-2 C.B. 108. It follows that the expense incurred by Robert for his transportation constitutes a nondeductible personal expense under section 262. The expenses attributable to his meals and lodging at Destin would be

considered nondeductible personal expenses regardless of whether or not his trip was essential to Suzanne's medical care. *Max Carasso, supra; Leo R. Cohn, supra.*

On their income tax return for the calendar year 1964 petitioners deducted $852.46 for a trip taken by Doris and Suzanne to Arizona as an amount paid during the taxable year for medical care. Respondent allowed a deduction for transportation in the amount of $152.46, but disallowed the remaining $700. We have already held that any amounts actually expended by Suzanne and Doris for living expenses incurred in Arizona during 1964 were nondeductible personal expenses. However, petitioners also seek to deduct a portion of the $700 which, by their own admission, constitutes expenses for meals and lodging attributable to 1965, a year not in issue here. They argue that the $700 which Robert gave to Doris on December 28, 1964, for the Arizona trip constituted an advance payment for medical care.

The intent of section 213 appears to be clear. It is to allow a deduction for expenses incurred and paid in the taxable year for medical care. It has long been held that expenses are not incurred in the taxable year unless a legal obligation to pay them has arisen. *Bauer Bros. Co.* v. *Commissioner,* 46 F. 2d 874, 875 (C.A. 6, 1931), affirming 9 B.T.A. 392 (1927), certiorari denied 283 U.S. 850 (1931). This Court has held that advance payments for medical services to be rendered in the following year do not constitute a payment in the taxable year within the meaning of section 23(x), I.R.C. 1939, the predecessor of section 213. *Robert S. Bassett,* 26 T.C. 619 (1956). Since the relevant provisions of the statute remain unchanged, we hold that the expenses attributable to 1965 are not deductible medical expenses in 1964.

*Decision will be entered under Rule 50.*