JOHN and VIRGINIA FITZGERALD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fitzgerald v. Commissioner
Docket No. 103-82.
United States Tax Court
T.C. Memo 1985-24; 1985 Tax Ct. Memo LEXIS 609; 49 T.C.M. (CCH) 530; T.C.M. (RIA) 85024; January 14, 1985. *609 Petitioners' son suffered from various learning disabilities. The son was enrolled in a special education program at a college. Petitioners rented an apartment near the college in which they lived together with the son. Petitioners deducted one-third of the lodging expenses while at the apartment as a medical expense. Held: The lodging expenses were not incurred as a necessary incident to the receipt of medical care. Consequently, the lodging expenses are not deductible as medical expenses under section 213, I.R.C. 1954. John Fitzgerald and Virginia Fitzgerald, pro se. Robert J. Foley, for the respondent. CHABOT MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined a deficiency in Federal individual income tax against petitioners for 1979 in the amount of $804. After concessions by petitioners, the issue for decision is whether petitioners are entitled to a medical expense deduction under section 213[1] *610 for $2,700, which represents about one-third of the lodging expenses paid by petitioners for an apartment located near their son's college. FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in the instant case was filed, petitioners John Fitzgerald (hereinafter sometimes referred to as "John") and Virginia Fitzgerald (hereinafter sometimes referred to as "Virginia"), husband and wife, resided in Cupertino, California. Petitioners' dependent son, Michael Fitzgerald (hereinafter sometimes referred to as "Michael"), suffers from cerebral palsy and epilepsy, and is learning disabled. Michael was enrolled in a special educational program at DeAnza College (hereinafter sometimes referred to as "DeAnza") in Cupertino, California, from 1974 through at least 1979. DeAnza provides a special education program for severely handicapped and learning disabled students; it has a tutorial center, an educational diagnostic clinic, and a physical education program. DeAnza provides daytime instruction at its camputs. DeAnza does not provide any on-campus lodging for its adult students. While attending DeAnza, Michael resided with petitioners at all times and incurred no charges for living expenses at DeAnza's *611 campus. During 1974 through 1978, petitioners and Michael resided in a house that petitioner owned in Moss Beach, California (hereinafter sometimes referred to as "the Moss Beach house"). The Moss Beach house is at least 62 miles from DeAnza. The Moss Beach house does not have a swimming pool. During 1974 through 1978, Virginia drove Michael from the Moss Beach house to DeAnza every morning. Virginia picked Michael up after classes, dropped him off at a library, and went to a hospital where she worked from 4:00 p.m. until 12:00 p.m. John picked up Michael at the library and took him home each day. In May 1978, Virginia broke her hip and became confined to a wheelchair for ten to eleven months. As a result, she could no longer drive Michael to DeAnza. In late 1978, petitioners moved to an apartment in Cupertino (hereinafter sometimes referred to as "the Cupertino apartment") and resided there with Michael during all of 1979. The Cupertino apartment is within walking distance of DeAnza. The Cupertino apartment complex contains a pool, which was used by both Virginia and Michael at the advice of their respective physicians for physical therapy. During 1979, petitioners rented *612 out the Moss Beach house. They received $5,700 rental income, and incurred various expenses and depreciation of $8,378 and $1,541, respectively. Michael was petitioner's dependent for 1979. On their 1979 tax return, petitioners claimed various medical expense deductions, including $2,700 representing approximately one-third of petitioners' rent and utility expenses at the Cupertino apartment. In the notice of deficiency, respondent disallowed this $2,700 amount in full. OPINION Petitioners contend that they are entitled to a medical expense deduction for Michael's share of the lodging expenses incurred at the Cupertino apartment because the use of the Cupertino apartment was different from petitioners' normal living arrangements and living in the Cupertino apartment enabled Michael to attend a school with a special educational program for handicapped persons. Respondent contends that the lodging expenses are not deductible because they were not incurred as a necessary incident to medical care. We agree with respondent. Section 213(a)[2] *614 allows a deduction, subject to certain limitations, for expenses paid for medical care. Section 213(e)(1)[3] provides that the term "medical care" *613 includes amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body. A medical expense deduction may be allowed for the cost of educational services rendered to a learning disabled person in order to alleviate or mitigate the mental problems which prevent the person from progressing in a normal educational environment. Fay v. Commissioner,76 T.C. 408, 412, 416 (1981). Section 23(x) of the Internal Revenue Code of 1939, the predecessor of section 213, has been construed by this Court as allowing *615 a deduction for both traveling expenses and amounts spent for food and lodging incidental to a trip necessary and prescribed for medical reasons. See Rose v. Commissioner,52 T.C. 521, 527 (1969), affd. per curiam 435 F.2d 149 (CA5 1970), and cases cited therein. but, in Commissioner v. Bilder,369 U.S. 499 (1962), revg. 289 F.2d 291 (CA3 1961) and 33 T.C. 155 (1959), the Supreme Court held that the Congress by the enactment of section 213 specifically excluded the deductibility of meals and lodging at the prescribed location as medical expenses unless incurred as part of a hospital bill. [4] *616 See Rose v. Commissioner,52 T.C. at 527. In Counts v. Commissioner,42 T.C. 755, 763 (1964), this Court recognized that Bilder did not change the long-accepted rule that the costs of meals and lodging included as a part of inpatient care in a hospital or other institution are deductible as medical expenses. This rule is also embodied in section 1.213-1(e)(1)(v), Income Tax Regs.[5] *617 *618 Whether meals and lodging costs incurred at an institution, other than a hospital, are deductible as a medical expense is a factual question, *619 the answer to which depends not on the nature of the institution but upon the condition of the person for whom the expenses were incurred and the care that the person received. Estate of Smith v. Commissioner,79 T.C. 3138 319 (1982); Robinson v. Commissioner,51 T.C. 520, 539-540 (1968), affd. 422 F.2d 873 (CA9 1970); Counts v. Commissioner,42 T.C. at 764. If a principal reason for the person's presence at an institution is the availability of medical care for that person, then the costs of meals and lodging, furnished as a necessary incident to such care, are deductible. [6]Estate of Smith v. Commissioner, 79 T.C. at 319; Counts v. Commissioner,42 T.C. at 764. In Fay v. Commissioner,76 T.C. at 412-413, we described the application of these general principles to situations involving the provision of special educational services to mentally handicapped individuals: If *620 a mentally disturbed individual with learning disabilities is sent to an educational institution which also has resources for treating the mental handicap, and if the principal reason for his attendance at the institution is for the use of those resources to alleviate or mitigate the mental handicap, and if the institution's educational program is only incidental to its medical care function, the school will be considered a "special school" within the meaning of [section 1.213-1(e)(1)(v)(a), Income Tax Regs.], and the expenditures for meals and lodging and ordinary educational services will be deductible. However, if the medical care offered at an educational institution is not a principal reason for attendance there, then the institution will not qualify as a "special school" and only the costs of medical services rendered are deductible; meals and lodging and ordinary educational services are not deductible. Greisdorf v. Commissioner [54 T.C. 1684, 1689 (1970)]. The record in the instant case establishes that Michael was suffering from a "disease", within the meaning of section 213(e)(1)(A), during 1979. Further, respondent concedes that Michael's educational program at DeAnza constituted *621 "medical care" within the meaning of section 213(e)(1). In applying the law to Michael's situation it may be instructive to compare the instant case with Kelly v. Commissioner,440 F.2d 307 (CA7 1971), revg. a Memorandum Opinion of this Court [7], and Levine v. Commissioner,695 F.2d 57 (CA2 1982), affg. a Memorandum Opinion of this Court [8]. In Kelly, the taxpayer, while on a business trip to New York City, had an attack of appendicitis and underwent immediate surgery in a hospital. Seventeen days after surgery, Kelly was still too weak to return to Milwaukee, his would was still draining, and the hospital was in need of his room. Kelly's doctor recommended that Kelly stay in a hotel room until he could safely return home.During the week he stayed in the hotel, Kelly left his room only for visits to his doctor. Kelly's wife changed his bandages, assisted him in walking and bathing, and provided him with the nursing services which he required. The Court of Appeals found that the hotel room was a substitute for a hospital room and concluded that Kelly was entitled to deduct his hotel meals and lodging expenses. Under the Court of Appeals' *622 approach, Kelly was, in essence, still a hospital patient when he was in the hotel. He had not recovered sufficiently from his operation to return home, but because the hospital was overcrowded, he temporarily continued his recovery in a substitute facility, where his wife could provide the nursing services which he required. As in the case of a hospital patient, his activity was quite limited; he left his room only when it was necessary to see his doctor. Kelly was receiving medical care in the hotel room. In Levine, the taxpayer's dependent son was receiving outpatient medical care at the Menninger Clinic in Topeka, Kansas. The son lived in a rented furnished apartment in Topeka. Except for a single occasion, the son did not receive any medical care on the apartment premises. Although the Court of Appeals agreed that the primary, if not the sole, purpose for the son remaining in Topeka was to continue to receive medical care at the Menninger Clinic, the Court of Appeals agreed with this Court in Levine that the son's meals and lodging expenses were not deductible under section 213. In the instant case, Michael's meals and lodging expenses were not part of DeAnza's bill for *623 medical care. Michael did not reside in DeAnza's facilities, and petitioners did not make payments to DeAnza for meals and lodging. We cannot distinguish Michael's living at the Cupertino apartment from his living in any other personal residence. Nothing in the record suggests that the rooms in the Cupertino apartment were specially equipped or specially furnished; that the pool was any different from apartment complex pools generally; or that any medical care was ever provided to Michael at the Cupertino apartment. Although staying at the Cupertino apartment may have been beneficial to Michael by making it easier for him to attend DeAnza, such a benefit is not sufficient to make the lodging part of institutional medical care. We conclude that the instant case is clearly distinguishable from Kelly and is not distinguishable from Levine. Although the Supreme Court's opinion in Commissioner v. Bilder,supra, may have left us with an unclear line between deductibility and nondeductibility, it is clear that, wherever the precise location of the line may be, petitioners' circumstances fall on the nondeductible side of the line. On brief, petitioners contend (1) that the apartment complex *624 had a swimming pool; (2) that the pool was used by Michael for medical purposes; and (3) that the lodging expenses should be deductible as as medical expense because of the use of the pool for medical purposes. Petitioners did not raise this theory in their petition, nor did they raise this theory at or before trial. We will not consider a new theory raised for the first time on brief. Markwardt v. Commissioner,64 T.C. 989, 997-998 (1975). Even if we were to consider this theory, petitioners have not carried their burden of proving (1) that they incurred any additional rental expense as a result of renting an apartment with a pool, or (2) that the additional cost, if any, of renting an apartment with a pool was incurred for the primary purpose of medical care. Welch v. Helvering,290 U.S. 111, 114-115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. See Haines v. Commissioner,71 T.C. 644 (1979). We hold for respondent. Decision will be entered for the respondent.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the year in issue.
2. SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. (a) Allowance of Deduction.--There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise-- (1) the amount by which the amount of the expenses paid during the taxable year (reduced by any amount deductible under paragraph (2)) for medical care of the taxpayer, his spouse, and dependents (as defined in section 152) exceeds 3 percent of the adjusted gross income, and (2) an amount (not in excess of $150) equal to one-half of the expenses paid during the taxable year for insurance which constitutes medical care for the taxpayer, his spouse, and dependents. [The subsequent amendment of this provision by section 202(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 421, does not affect the instant case.] 3. SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. * * * (e) Definitions.--For purposes of this section-- (1) The term "medical care" means amounts paid-- (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body, (B) for transportation primarily for and essential to medical care referred to in subparagraph (A), or (C) for insurance (including amounts paid as premiums under part B of title XVIII of the Social Security Act, relating to supplementary medical insurance for the aged) covering medical care referred to in subparagraphs (A) and (B). [This section was redesignated section 213(d)(1) by section 202(b)(3)(B) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 421. New section 213(d)(2)↩, which was added by section 482(a) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat 494, 847-848, does not apply to the year in issue.]
4. The committee reports (H. Rept. 83-1337 (1954), p. A60; S. Rept. 83-1622 (1954), p. 219-20) which accompany H.R. 8300, the Internal Revenue Code of 1954, describe the situation as follows: The deduction permitted for "transportation primarily for and essential to medical care" clarifies existing law in that it specifically excludes deduction of any meals and lodging while away from home receiving medical treatment. For example, if a doctor prescribes that a patient must go to Florida in order to alleviate specific chronic ailments and to escape unfavorable climatic conditions which have proven injurious to the health of the taxpayer, and the travel is prescribed for reasons other than the general improvement of a patient's health, the cost of the patient's transportation to Florida would be deductible but not his living expenses while there. However, if a doctor prescribed an appendectomy and the taxpayer chose to go to Florida for the operation not even his transportation costs would be deductible. The subsection is not intended otherwise to change the existing definitions of medical care, to deny the cost of ordinary ambulance transportation nor to deny the cost of food or lodging provided as part of a hospital bill.
5. Section 1.213-1. Medical, dental, etc., expenses. * * * (e) Definitions--(1) General.
* * * (v) The cost of in-patient hospital care (including the cost of meals and lodging therein) is an expenditure for medical care. The extent to which expenses for care in an institution other than a hospital shall constitute medical care is primarily a question of fact which depends upon the condition of the individual and the nature of the services he receives (rather than the nature of the institution). A private establishment which is regularly engaged in providing the types of care or services outlined in this subdivision shall be considered an institution for purposes of the rules provided herein. In general, the following rules will be applied: (a) Where an individual is in an institution because his condition is such that the availability of medical care (as defined in subdivisions (i) and (ii) of this subparagraph) in such institution is a principal reason for his presence there, and meals and lodging are furnished as a necessary incident to such care, the entire cost of medical care and meals and lodging at the institution, which are furnished while the individual requires continual medical care, shall constitute an expense for medical care. For example, medical care includes the entire cost of institutional care for a person who is mentally ill and unsafe when left alone. While ordinary education is not medical care, the cost of medical care includes the cost of attending a special school for a mentally or physically handicapped individual, if his condition is such that the resources of the institution for alleviating such mental or physical handicap are a principal reason for his presence there. In such a case, the cost of attending such a special school will include the cost of meals and lodging, if supplied, and the cost of ordinary education furnished which is incidental to the special services furnished by the school. Thus, the cost of medical care includes the cost of attending a special school designed to compensate for or overcome a physical handicap, in order to qualify the individual for future normal education or for normal living, such as a school for the teaching of braille or lip reading. Similarly, the cost of care and supervision, or of treatment and trailing, of a mentally retarded or physically handicapped individual at an institution is within the meaning of the term "medical care".
6. In the instant case, petitioners are attempting to deduct only Michael's share of the lodging expenses at the Cupertino apartment. Petitioners apparently did not deduct any meal expenses, nor have they claimed an overpayment as a result of such meal expenses. Consequently, we focus solely on the lodging expenses.↩
7. T.C. Memo. 1969-231↩. 8. T.C. Memo. 1981-437↩.