FREDERICK W. DENNISTON AND ELEANOR Y. DENNISTON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 95390. Filed February 26, 1964.

*Frederick W. Denniston,* pro se.
*F. O. McDermott,* for the respondent.

668

OPINION

The sole issue is whether the award received by the petitioner in the taxable year 1959 under the Government Employees' Incentive Awards Act constituted taxable income to him.

The petitioner contends that the award was essentially a gift and comes within the specific exclusion from gross income provided in section 74(b) of the Internal Revenue Code of 1954.[3] It is his position that the award was made primarily in recognition of some achievement referred to in that section (apparently civic achievement), that he was selected without any action on his part to enter the contest or proceedings, and that he was not required to render substantial future services as a condition to receiving the award.

The respondent, on the other hand, contends that such award constituted additional compensation for services, taxable as income under section 61(a)(1) of the Code,[4] and that it is not excludable from in-

---

[3] Section 74 of the Code provides as follows:

(a) GENERAL RULE.—Except as provided in subsection (b) and in section 117 (relating to scholarships and fellowship grants), gross income includes amounts received as prizes and awards.

(b) EXCEPTION.—Gross income does not include amounts received as prizes and awards made primarily in recognition of religious, charitable, scientific, educational, artistic, literary, or civic achievement, but only if—

(1) the recipient was selected without any action on his part to enter the contest or proceedings; and

(2) the recipient is not required to render substantial future services as a condition to receiving the prize or award.

[4] Section 61 of the Code provides in pertinent part as follows:

(a) GENERAL DEFINITION.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

(1) Compensation for services, including fees, commissions, and similar items.

come under the provisions of section 74(b) or any other section of the Code. It is his position that the award was not made primarily in recognition of any civic or any other achievement referred to in section 74(b), but that, rather, it was made by the petitioner's employer in recognition of achievement in connection with petitioner's employment. The respondent cites section 1.74–1 of the Income Tax Regulations, which provides in part as follows:

Prizes and awards—(a) *Inclusion in gross income.* * * * Prizes and awards which are includible in gross income include (but are not limited to) amounts received from radio and television giveaway shows, door prizes, and awards in contests of all types, as well as any prizes and awards from an employer to an employee in recognition of some achievement in connection with his employment.

\* \* \* \* \* \* \*

(b) *Exclusion from gross income.* * * * Section 74(b) does not exclude prizes or awards from an employer to an employee in recognition of some achievement in connection with his employment.

There are set forth in the margin pertinent provisions of section 304 of the Government Employees' Incentive Awards Act (5 U.S.C. sec. 2123).[5] Such act authorizes the heads of various departments and agencies in the executive branch of the Federal Government to pay cash awards to civilian officers and employees of the Government who by their suggestions, superior accomplishments, or other personal efforts contribute to the efficiency, economy, or other improvement of Government operations, or who perform special acts or services in

---

[5] Section 304 of the Government Employees' Incentive Awards Act (5 U.S.C. sec. 2123) provides in pertinent part as follows:

(a) The head of each department is authorized to pay cash awards to, and to incur necessary expenses for the honorary recognition of, civilian officers and employees of the Government who by their suggestions, inventions, superior accomplishments, or other personal efforts contribute to the efficiency, economy, or other improvement of Government operations or who perform special acts or services in the public interest in connection with or related to their official employment.

\* \* \* \* \* \* \*

(c) Awards under this section may be paid notwithstanding the death or separation from the service of the officer or employee concerned: *Provided,* That the suggestions, inventions, superior accomplishments, other personal efforts, or special acts or services in the public interest forming the basis for the awards are made or rendered while the officer or employee is in the employ of the Government.

(d) A cash award under this section shall be in addition to the regular compensation of the recipient and the acceptance of such cash award shall constitute an agreement that the use by the Government of the United States or the municipal government of the District of Columbia of any idea, method or device for which the award is made shall not form the basis of a further claim of any nature upon the Government of the United States or the municipal government of the District of Columbia by the employee, his heirs, or assigns.

\* \* \* \* \* \* \*

(g) A monetary award granted under this chapter shall not exceed $5,000, except that an award in excess of such amount but not in excess of $25,000 may be granted, with the approval of the [Civil Service], Commission, in special cases in which the head of a department certifies to the Commission that the suggestion, invention, superior accomplishment, or other meritorious effort for which such award is proposed to be made is highly exceptional and unusually outstanding.

the public interest in connection with or related to their official employment.

There can be no doubt, we think, that the purpose of the Government Employees' Incentive Awards Act is, as the name implies, to provide Government employees with an incentive to render outstanding or exceptional services to the Government. Nothing in the congressional committee reports in regard to the legislation indicates the contrary. See H. Rept. No. 1464, 83d Cong., 2d Sess.; S. Rept. No. 1992, 83d Cong., 2d Sess.; and Conf. Rept. No. 2665, 83d Cong., 2d Sess. The awards for achievement are limited, under the statute, to achievements accomplished while the recipients are in the employ of the Government, and it is also provided that the awards shall be in addition to the regular compensation of the recipients.

The award in question was given to the petitioner by GSA, with the approval of the Civil Service Commission, in recognition of superior accomplishment in the advocacy, initiation, development, analysis, preparation, and successful prosecution of actions resulting in large savings to the Federal Government, as pointed out in the Findings of Fact. There can be no question that the award was in recognition of achievements of the petitioner in connection with, and as a part of, his employment as assistant general counsel of GSA and as chairman and executive director of the SAGE task force. We think the award must be considered as additional compensation for services rendered to the GSA and that, as such, it is taxable under the provisions of section 61 (a) (1) of the Code.

The award here involved falls directly within the provision of the regulations which states that the exclusion provided by section 74(b) does not encompass prizes or awards from an employer to an employee in recognition of some achievement in connection with his employment. The petitioner, however, contends, in effect, that in this respect the regulation is not a valid interpretation of section 74(b). He points out that section 74(b) provides a basic and two subsidiary tests for determining whether certain prizes and awards are excludable from income, and that none of these suggests a legislative intent to apply a broad general principle that under no circumstances can a payment by an employer to an employee come within the exclusion.

We do not read the regulations in question as setting forth the broad principle that under no circumstances can a payment by an employer to an employee come within the exclusion. Rather, such regulations provide that there can be no exclusion under section 74(b) where a prize or an award is given by an employer to an employee in recognition of some achievement *in connection with his employment*. Actually, the congressional committee reports in connection with the enactment of section 74 of the 1954 Code (H. Rept. No. 1337,

83d Cong., 2d Sess., p. A27, and S. Rept. No. 1622, 83d Cong., 2d Sess., p. 179) specifically state that section 74(b) was not intended to exclude from income prizes or awards from an employer to an employee in recognition of some achievement in connection with his employment.[6] The petitioner contends that the quoted language is not contained in the committee reports, but in a technical analysis appended to the reports. The petitioner is in error. The technical analyses are integral parts of the reports. The petitioner takes the position that, in any event, the language of section 74 is clear and unambiguous and contends, in effect, that resort cannot be had to the committee reports in interpreting it. It has been held, however, that there is no rule of law forbidding resort to explanatory legislative history no matter how "clear the words may appear on 'superficial examination.'" *Harrison* v. *Northern Trust Co.*, 317 U.S. 476. See also *Max Carasso*, 34 T.C. 1139, affd. (C.A. 2) 292 F. 2d 367, certiorari denied 369 U.S. 874, and other cases cited therein. The regulations are in accord with the intent of Congress as evidenced by the committee reports. Since they are not unreasonable or inconsistent with the intent of the statute, they must be sustained. *Commissioner* v. *South Texas Lumber Co.*, 333 U.S. 496.

It is our conclusion that the award here in question does not come within the exception provided in section 74(b).[7] Whether, as the

---

[6] The House report, which is substantially the same as the Senate report, states in part as follows:

"This is a new section which includes in gross income all prizes and awards with certain specified exceptions. It is intended to eliminate some existing confusion in court decisions over whether a prize is income or a gift and would overrule both the *Pot O' Gold* case (*Washburn* v. *Commissioner* (1945) 5 T.C. 1333) and the *Ross Essay Contest* case (*McDermott* v. *Commissioner* (C.A.D.C. 1945) 150 F. 2d 585) insofar as each held prizes were not income under the 1939 Code. A cross reference to section 117 (relating to scholarships and fellowship grants) is inserted to preclude taxing such awards under this section.

"Subsection (b) excludes from income those prizes and awards which are made primarily to recognize past achievements of the recipient in one of the specified fields, provided the recipient was selected without any action on his part to enter the contest or to submit his works in the proceeding and provided he is not required to render any substantial future services as a condition to receiving the prize or award. Thus, such awards as the Nobel prize would be excluded under this section. *Subsection (b) is not intended to exclude prizes or awards from an employer to an employee in recognition of some achievement in connection with his employment, such as having the largest sales record or best production record during a certain period.* Amounts received from radio and television giveaway shows, or as door prizes, or in any similar type contest would also not be covered by subsection (b)." (Emphasis supplied.)

[7] The petitioner points out that in Rev. Rul. 61–92, 1961–1 C.B. 11, the respondent took the position that an award made under the Rockefeller Public Services Award Program to a selected civilian in the Federal Government, primarily in recognition of outstanding past accomplishments in public service is excludable from the gross income of the recipient under section 74(b). He states that while the ruling did not spell out the category of the achievement for which the award was made, it was obviously "civic" within the meaning of section 74(b), and apparently contends that on this basis the award which he himself received should be considered as having been made primarily in recognition of a "civic" achievement and hence qualified for exclusion under section 74(b). There is a vital difference, however, between the situation here involved and that involved in the revenue ruling. There the award was not made by an employer to an employee in recognition of achievement in connection with his employment. Even if the petitioner's achievement were broadly considered as a "civic" achievement, we think it could not be considered that the award

regulations appear to contemplate, it is taxable by virtue of the provisions of section 74(a) which state the general rule that gross income includes amounts received as prizes and awards, we need not here decide [8] since, as indicated above, we think that the award constitutes compensation and hence is taxable income under the provisions of section 61(a)(1) of the Code.

The petitioner, while apparently not specifically relying upon the provisions of section 102(a),[9] does state on brief that the award in question is in the nature of a gift. He states that the courts, including the Supreme Court in *Commissioner* v. *Duberstein*, 363 U.S. 278, have refused to adopt a position that under no circumstances can there be a gift from an employer to an employee and that in all instances the amount received is taxable as compensation. However, in the *Duberstein* case it was stated that a gift in the statutory sense proceeds from a detached and disinterested generosity and out of affection, respect, admiration, charity, or like impulses, and that the most critical consideration is the transferor's intention. We think it clear that awards made under the Government Employees' Incentive Awards Act are not generated by the impulses alluded to by the Supreme Court, but are intended as compensation for exceptional services rendered to the Federal Government. Accordingly, the award is not excludable from income as a gift under section 102(a) of the Code. Nor is there any other provision of the Code under which it would be excludable. It may be added that the Government Employees' Incentive Awards Act itself contains no provision exempting the awards from tax.

In the recent case of *Griggs* v. *United States*, (Ct. Cl.) 314 F. 2d 515, the same conclusion was reached with respect to an award given under the Government Employees' Incentive Awards Act to the taxpayer, who was a transportation and freight specialist employed by the Department of Defense. The Court of Claims concluded, among other things, that the award was in reality compensation for special services rendered.

The respondent did not err in including the award in question in the petitioner's taxable income.

*Decision will be entered for the respondent.*

---

was made primarily in recognition of a civic achievement within the meaning of the statute but, rather, in recognition by the employer of the achievement as an outstanding service rendered to the employer.

[8] The petitioner, relying upon the committee reports herein referred to, contends that this type of award does not fall within section 74(a). It is his contention that the prizes or awards contemplated by section 74 are limited to the types mentioned in the cited court decisions, namely, radio giveaway prices and essay contest prizes.

[9] Section 102(a) of the Code provides as follows:

GENERAL RULE.—Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance.