**Robert and Barbara JONES, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 83-7094.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 1984.

Decided Oct. 2, 1984.

As Amended On Denial of Rehearing Jan. 3, 1985.

---

Frank D. Berry, Los Altos, Cal., for petitioners-appellants.

David G. Carmack, Washington, D.C., for respondent-appellee.

Before FAIRCHILD,* GOODWIN and BOOCHEVER, Circuit Judges.

GOODWIN, Circuit Judge.

An internationally recognized scientist who had worked for the government for

---

* Honorable Thomas E. Fairchild, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

more than thirty years designing improvements in aircraft and space vehicles, and whose inventions included the swept-wing concept for jet aircraft, at the end of his career received a $15,000 award for special achievement in aircraft and space vehicle design. In due course the income tax collector demanded approximately half of the award, and Jones appeals a Tax Court judgment that the award is income and accordingly taxable. *Jones v. Commissioner,* 79 T.C. 1008 (1982).

Jones contends that the award should have been excluded from his income as a prize or award pursuant to 26 U.S.C. § 74. Whether Jones' award constitutes an excludable prize or award within § 74 presents a question of first impression in this circuit.

The government argues for a rule of simplicity: If the employer pays the prize money and the achievement for which the prize is awarded is work related, then the prize is income and taxable. Jones argues that each award should be tested against the purpose of § 74 and judged on its own merits.

In 1934 Jones began working for the National Advisory Committee on Aeronautics (NACA), the precursor to the National Aeronautics and Space Administration (NASA). Except for the years 1963 to 1970, when he researched fluid flow problems for a company developing cardiac assist devices, Jones has worked for NASA until the present. More than 30 years ago, while working for NASA and NACA, Jones invented the swept-wing aircraft design, an important step in the development of supersonic aircraft. Later he invented the oblique-wing aircraft design.

The oblique-wing aircraft, which is still being developed, uses a pivoting wing and tail. During takeoff, landing, and low-speed flight, the wing and tail are perpendicular to the fuselage. After the aircraft is airborne, the wing and tail are repositioned so that they are almost parallel to the fuselage. The design permits the wing and tail to be placed in the most efficient positions for various flight speeds.

In 1974 NASA officials submitted an application under NASA's awards program to reward Jones for the oblique-wing design. NASA's Inventions and Contributions Board (the Board) initially considered giving Jones $1,500.

Meanwhile, to celebrate Jones' 65th birthday, another office within NASA brought out a volume of 64 technical papers authored by Jones, and published them as the *Collected Works of Robert T. Jones.* The Board, upon examining the *Collected Works,* decided to give Jones a $15,000 award for "the totality of his scientific contribution to the conduct of NASA programs in aeronautics and space, and to advancement of scientific knowledge."

The Board's minutes state that the award was based on Jones' many discoveries, including the swept-wing and oblique-wing designs. The minutes also state that the amount of the award was based on the value of Jones' contributions to NASA and to the scientific community.

One month later, the Board clarified its reason for making the award. The Board revised the wording of the citation to "the totality of his achievements entitled: Combined Scientific and Technical Contributions of Significant Value in the Conduct of NASA Aeronautical and Space Programs, and in the Advancement of Scientific Knowledge." NASA presented Jones with the award and a copy of the *Collected Works* on April 6, 1976.

Jones has received several other awards and honors. In 1946 he received the Sylvanus Albert Reed Award from the Institute of Aeronautical Science for his discoveries concerning airflow at subsonic and supersonic speeds. In 1971 the University of Colorado awarded him an honorary Doctor of Science degree. The German aerospace society, Deutsche Gesellschaft Fur Luft und Raumfahrt e.V., gave him its highest award in 1978. In 1981 he received the President's Award for Distinguished Civilian Service and the Smithsonian Institution's Langley Medal, one of only 17 such awards presented in this century.

In the thirty years since its enactment, § 74 has produced surprisingly few court cases in light of the breadth of its language. In the early days of the 1954 Code, revenue rulings excluded from income the celebrated prizes named for Pulitzer and Nobel. *See e.g.,* Rev.Rul. 54–110, 1954–1 C.B. 28. A little later, the Fourth Circuit rejected § 74(b) treatment for such awards for "civic achievement" as one claimed by the winner of a brewery-sponsored fishing derby. *See e.g., Simmons v. United States,* 308 F.2d 160 (4th Cir.1962); Eighteenth Tax Institute, U.S.C. Law Center, pp. 711–738 (1966). Somewhere between the sublime and the ridiculous the taxpayers and the collector apparently reached some form of equilibrium until the collector decided to disallow Jones' claim for exclusion from income in the case at bar. *See* J. Sneed, *Configurations of Gross Income,* 157–160 (1967). Later cases are discussed in B. Bitker, *Federal Taxation of Income, Estates and Gifts,* Vol. I, pp. 11–1 through 11–5 (1981).

The Tax Court upheld the IRS's deficiency determination, although the IRS and Jones stipulated that the requirements for exclusion from income in 26 U.S.C. § 74(b)(1) and (2) had been satisfied, and it is clear that the achievements for which Jones received the award constituted scientific achievements for purposes of § 74(b). The court reasoned that because Treas.Reg. 1.74–1 adopts a no-exception rule that awards from an employer to an employee to recognize employment-related achievements are included in income, and because Jones received the award in recognition of employment related achievements, the $15,000 was includable in income. In other words, the Tax Court considered itself bound by the regulation.

The regulation adds an element not expressed in the statute. The statute provides that

> Gross income does not include amounts received as prizes and awards made primarily in recognition of religious, charitable, scientific, educational, artistic, literary or civic achievement, but only if—

> (1) the recipient was selected without any action on his part to enter the contest or proceeding; and

> (2) the recipient is not required to render substantial future services as a condition to receiving the prize or award.

26 U.S.C. § 74(b). The IRS and Jones have stipulated that the requirements of (1) and (2) were fulfilled.

Treas.Reg. 1.74–1(a)(1) provides in addition to the statutory criteria that a payment by an employer to an employee is not excludable from income if it recognizes an employment-connected achievement.

▮ The legislative history of § 74 only partially supports the addition of this requirement. Both the House and Senate reports state that § 74 is not intended to exclude from income "prizes or awards from an employer to an employee in recognition of some achievement in connection with his employment, such as having the largest sales record or best production record during a certain period." S.Rep. No. 1622, 83d Cong., 2d Sess., *reprinted in* 1954 U.S.Code Cong. and Ad.News 4017, 4813; H.R.Rep. No. 1337, 83d Cong., 2d Sess. Thus, Congress obviously intended to include in income any prizes or award payments that are incentive bonuses or real compensation. Prizes or awards for scientific or other pro bono achievements, however, are not disguised compensation. *See* J. Sneed, *Configurations of Gross Income, supra.*

▮ This court gives deference to administrative regulations that interpret a federal statute. *See Loma Linda University v. Schweiker,* 705 F.2d 1123, 1126·(9th Cir. 1983). However, the Commissioner "may not prescribe any regulations which are not consistent with the federal tax statutes or which add a restriction to a statute which is not justified by the statutory language or the intent of Congress." *Government of Guam v. Koster,* 362 F.2d 248, 252 (9th Cir.1966).

▮ NASA has statutory authority under 42 U.S.C. § 2458 to make a payment in recognition of achievement and not as com-

pensation. If Treas.Reg. § 1.74–1(a)(1) is overly broad as written, it must be construed to be within the range of reasonable meaning of § 74. The government argues that its bright-line rule falls well within the range of permissible statutory interpretation. Such a reading does satisfy the lawyer's craving for a bright-line rule. But bureaucratic convenience here is inconsistent with the purpose of the statute. We decline to uphold Treas.Reg. § 1.74(a)(1) as applied in this case. As applied here, the bright-line rule devours the statute it was intended to interpret.

The government points out that the Fourth Circuit has held that an award from NASA, made pursuant to the same statute as Jones' award, was compensation. *Rogallo v. United States*, 475 F.2d 1 (4th Cir.1973). In *Rogallo*, however, the inventors were required as a condition to receiving the award to execute a license to the government, without cost, to use the invention. The facts therefore revealed that the Rogallos' award constituted disguised compensation.

Two cases hold that awards made to government employees pursuant to the Incentive Awards Act are compensation. *Denniston v. Commissioner*, 41 T.C. 667 (1964), *aff'd and decision adopted*, 343 F.2d 312 (D.C.Cir.1965); *Griggs v. United States*, 314 F.2d 515, 161 Ct.Cl. 84 (1963). In each case, however, an employee, while performing his ordinary duties, received a monetary award for creating and developing a single concept for cutting the cost of some government operation. These cases also seem to involve thinly disguised compensation.

■ Jones' award appears different, however. NASA based this award on "the totality of [Jones'] achievements," which it determined were valuable to its aeronautical and space activities, and "to the advancement of scientific knowledge," not on any particular scientific or technical contribution. Further, the IRS and Jones stipulated that Jones was not required to release any claims for compensation as a condition of the award. (Jones may have

previously released or assigned his rights with respect to some or all of his achievements; the record is not clear.)

The most closely analogous fact setting addressed in the briefs is that found in Rev.Rul. 67–89, 1967–1 C.B. 40. There, the IRS ruled that an award made by the Army to an outstanding Army nurse was compensation, even though the award was made from a fund donated to the Army for the express purpose of honoring particularly exemplary nurses. This ruling, revealing very little reasoning, appears to reflect the bright-line appeal of Treas.Reg. 1.74–1(a)(1) with its narrow construction of the excludability of prizes and awards from employers.

■ When an employer makes an award out of a desire to honor, or to show respect or admiration for, an employee, and the award is not compensation for some recent benefit to the employer, the award should be excluded under § 74 if it otherwise qualifies for exclusion. When the facts suggest that the employer's purpose in making the award was to compensate the employee, however, the award should be included in the employee's income. This approach may make a little more work for the commissioner and the courts, but their job is to decide cases despite the inconvenience of doing so.

Application of this test to the Jones award favors Jones. Although many of the discoveries for which Jones was cited in connection with his award seem to have been made in the course of his employment with NACA or NASA, he did not receive a particular amount of money for a particular discovery. *Cf. Denniston*, 41 T.C. 667, *aff'd*, 343 F.2d 312; *Griggs*, 314 F.2d 515. In addition, the Board's desire to recognize Jones' lifetime achievements, rather than a single achievement, suggests that its purpose was honorary rather than compensatory. Further, NASA had no legal obligation to make the award, and the IRS points to no moral obligation. We recognize that the lack of an awards program might create some moral obligation to compensate inventors for discoveries made while in government service, but we do not find a

nexus in this case between the awards program and any of Jones' inventions. Here the award was made on or near Jones' 65th birthday, an appropriate time to honor him, and it was presented to Jones along with a bound copy of his *Collected Works,* which according to its introduction was compiled to honor Jones. On all the facts, the better conclusion is that Jones' award was a true § 74 award, and that it is excludable from his income.

Reversed.