DAVID P. CROWELL AND LINDA C. CROWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crowell v. Commissioner
Docket No. 9599-88.
United States Tax Court
T.C. Memo 1989-268; 1989 Tax Ct. Memo LEXIS 266; 57 T.C.M. (CCH) 596; T.C.M. (RIA) 89268; June 6, 1989; As corrected June 7, 1989 David P. Crowell, pro se. Robin L. Herrell, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 10,920 in petitioners' Federal income tax for 1984. The sole issue for decision is whether a cash award received by David P. Crowell in 1984 is excludable from gross *267 income under section 74(b). All section references are to the Internal Revenue Code, as amended and in effect for the year in issue. FINDINGS OF FACT Some of the facts have been stipulated. The facts set forth in the stipulation are incorporated in our findings by this reference. David P. and Linda C. Crowell resided in Centerville, Ohio, at the time they filed their petition. David P. Crowell (petitioner) was employed by International Business Machines Corporation (IBM) during 1984 as manager of quality for the Field Engineering Division. Petitioner's responsibilities as manager of quality included insuring that employees in the Field Engineering Division were trained in the concepts of service quality so that they could deliver "error free service to every customer every time." Petitioner developed the "Managing Quality Workshop" (the workshop), a 16-hour course for IBM's Field Engineering managers. The workshop taught basic quality improvement concepts for a service industry and presented tools and techniques for problem analysis and resolution. Petitioner developed and implemented the workshop in part during his regular working hours and in part after regular working *268 hours and on weekends. With the permission of his supervisor, petitioner used company resources, including secretarial help, copy machines, and supplies, in developing and implementing the workshop. On November 29, 1983, IBM's director of quality and organization for the Field Engineering Division recommended that petitioner be given IBM's President's Award for his achievements in developing and implementing the workshop. This recommendation was endorsed by the president of the Field Engineering Division on January 10, 1984. Petitioner did not enter a contest or take any action to recommend himself for this award. IBM's award recommendation form noted that petitioner "gave up untold evenings and weekends * * * his 60-70 hour weeks and constant traveling over the last ten months have provided the key to the workshop's acceptance and success." In March 1984, petitioner received IBM's President's Award. In addition to a cash award of $ 25,000, petitioner also received a certificate, a marble and brass sculpture, and a 3-day expense-paid trip to Florida. Petitioner could not have received the President's Award if he had not been an IBM employee, but he was under no obligation *269 to render any future services to IBM as a condition to receiving the award. Petitioner left employment with IBM in November 1986. IBM issued a Form W-2 to petitioner indicating wages, tips, and other compensation of $ 94,458 paid during 1984. The $ 25,000 President's Award was included in the $ 94,458 reported on petitioner's 1984 Form W-2. Petitioner did not include the $ 25,000 award in taxable income reported on his 1984 tax return. Respondent determined that petitioner's award constituted taxable wages. OPINION The sole issue for decision is whether the $ 25,000 cash award petitioner received in 1984 from his employer IBM constituted taxable income to him. Exemptions and exclusions from taxable income are construed narrowly, and the taxpayer must bring himself within the clear scope of the exclusion. Commissioner v. Jacobson,336 U.S. 28, 49 (1949); Graves v. Commissioner,89 T.C. 49, 51 (1987). Petitioner bears the burden of proving that he is entitled to the exclusion that he claims. Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner contends that the award comes within the specific exclusion from gross income *270 provided in section 74(b). With regard to prizes and awards, section 74 provided: SEC. 74. PRIZES AND AWARDS. (a) General Rule. -- Except as provided in subsection (b) and in section 117 (relating to scholarships and fellowship grants), gross income includes amounts received as prizes and awards. (b) Exception. -- Gross income does not include amounts received as prizes and awards made primarily in recognition of religious, charitable, scientific, educational, artistic, literary, or civic achievement, but only if -- (1) the recipient was selected without any action on his part to enter the contest or proceeding; and (2) the recipient is not required to render substantial future services as a condition to receiving the prize or award. (The 1986 Tax Reform Act, Pub. L. 99-514, section 122(a)(1), 100 Stat. 2109, amended section 74 for prizes and awards granted after December 31, 1986.) The regulations under section 74 provide that gross income includes awards by an employer to an employee in recognition of some achievement in connection with employment. In interpreting the statutory provision regarding prizes and awards, section 1.74-1, Income Tax Regs., provides in *271 part: Sec. 1.74-1. Prizes and awards. (a) Inclusion in gross income. * * * Prizes and awards which are includible in gross income include * * * any prizes and awards from an employer to an employee in recognition of some achievement in connection with his employment. * * * (b) Exclusion from gross income. * * * Section 74(b) does not exclude prizes or awards from an employer to an employee in recognition of some achievement in connection with his employment. Petitioner contends that this regulation is not a valid interpretation of section 74(b). He points out that section 74(b) provides a primary test and two secondary tests for determining whether prizes and awards are excludable from income and that none of these tests suggests a legislative intent to apply a broad general principle that under no circumstances can a prize or award from an employer to an employee come within the exclusion. As to the primary test under section 74, petitioner argues that the award was made primarily in recognition of his educational achievement, developing and implementing the workshop. As to the two secondary tests, petitioner argues that he was selected for the award without *272 any action on his part and that he was not required to render substantial future services as a condition to receiving the award. Petitioner asserts, and we agree, that IBM's reporting of the award on Form W-2 is not determinative of whether the payment was wages. Respondent does not contend that petitioner took any action in order to be selected to receive the award in issue or that petitioner was required to render substantial future services as a condition to receiving the award. Respondent argues that the award was not made primarily in recognition of an educational achievement within the meaning of section 74(b), but was made by petitioner's employer in recognition of achievement in connection with petitioner's employment. The congressional committee reports relating to the enactment of section 74, H. Rept. No. 1337 and S. Rept. No. 1622, specifically state that section 74(b) was not intended to exclude from income prizes or awards from an employer to an employee in recognition of some achievement in connection with his employment. The House report, which is substantially the same as the Senate report, states in part: Subsection (b) is not intended to exclude prizes *273 or awards from an employer to an employee in recognition of some achievement in connection with his employment, such as having the largest sales record or best production record during a certain period. [H. Rept. No. 1337, 83d Cong., 2d Sess., reprinted in 3 U.S. Code Cong. & Admin. News 4163-4164 (1954).] Treasury regulations should not be set aside unless unreasonable or clearly inconsistent with the statute they are intended to implement. Commissioner v. South Texas Lumber Co.,333 U.S. 496, 501 (1948). Section 1.74-1, Income Tax Regs., is reasonable and consistent with congressional purpose in enacting section 74(b). Because the regulation is not unreasonable or inconsistent with the intent of the statute, it must be sustained. Denniston v. Commissioner,41 T.C. 667, 673 (1964), affd. 343 F.2d 312 (D.C. Cir. 1965). Courts have generally characterized awards from an employer to an employee as taxable compensation that is not excludable under section 74(b). Rogallo v. United States,475 F.2d 1 (4th Cir. 1973); Griggs v. United States,314 F.2d 515 (Ct. Cl. 1963); Denniston v. Commissioner, supra; *274 Marquette University v. United States,645 F.Supp. 1007 (E.D. Wis. 1985). Compare Jones v. Commissioner,743 F.2d 1429 (9th Cir. 1984), revg. 79 T.C. 1008 (1982). Three of these cases held that awards made to government employees pursuant to the Incentive Awards Act, 42 U.S.C. section 2458, were taxable compensation. In Rogallo v. United States, supra, the Court of Appeals for the Fourth Circuit held that an award from the National Aeronautics and Space Administration (NASA) was taxable compensation. The taxpayers in Rogallo were inventors who were required to execute a license permitting the government to use their invention as a condition to receiving the award. Similarly, the taxpayers in Denniston and Griggs were government employees who received monetary awards for creating and developing cost saving concepts while performing their ordinary duties. Petitioner relies on Jones v. Commissioner,743 F.2d at 1433. In Jones, the Court of Appeals for the Ninth Circuit held that an internationally recognized scientist who had worked for the government for 30 years *275 was not required to include in income a one-time life achievement award given to him by his employer, NASA, for his numerous contributions to NASA and the scientific community. The Court of Appeals for the Ninth Circuit found that the NASA award to the taxpayer-scientist was made with the purpose of honoring rather than compensating the taxpayer. Thus our decision to the contrary was reversed. We need not here decide whether to follow the reversal by the Court of Appeals in Jones, because we believe that the facts in that case are very different than those here, and the award to petitioner is compensation under the criteria used by the Court of Appeals for the Ninth Circuit as well as the criteria of the statute, the regulations, this Court in Jones, and the other decided cases. The facts of the instant case are clearly distinguishable from the facts in Jones. The NASA award to the scientist in Jones was to honor the taxpayer's scientific works over a period of more than 30 years. The Court of Appeals distinguished Rogallo, Denniston, and Griggs and stated: Jones' award appears different, however. NASA based this award on "the totality of [Jones'] *276 achievements," which it determined were valuable to its aeronautical and space activities, and "to the advancement of scientific knowledge," not on any particular scientific or technical contribution. Further, the IRS and Jones stipulated that Jones was not required to release any claims for compensation as a condition of the award. (Jones may have previously released or assigned his rights with respect to some or all of his achievements; the record is not clear.) * * * When an employer makes an award out of a desire to honor, or to show respect or admiration for, an employee, and the award is not compensation for some recent benefit to the employer, the award should be excluded under § 74 if it otherwise qualifies for exclusion. When the facts suggest that the employer's purpose in making the award was to compensate the employee, however, the award should be included in the employee's income. * * * [Jones v. Commissioner,743 F.2d at 1433.] The Court of Appeals refused to apply the regulation as a "bright line" test, requiring inclusion in all instances in which an award is made to an employee. The facts of the instant case, however, show that petitioner's *277 award was for a specific recent contribution to his employer made in connection with his employment. Thus, even under the opinion of the Court of Appeals in Jones, the award is taxed as compensation. Petitioner argues that the determining characteristic of a gift or an award as contrasted to compensation, is the intent of the transferor; he cites Commissioner v. Duberstein,363 U.S. 278 (1960). In Duberstein,363 U.S. at 285, the Supreme Court held that a gift proceeds from a "detached and disinterested generosity" and "out of affection, respect, admiration, charity, or like impulses," and that the most critical consideration is the intent of the transferor. In this case IBM intended the award in issue as compensation for exceptional services rendered by petitioner to his employer. Accordingly, the award is not excludable from income as a gift under section 102(a). Petitioner's award included a certificate, a sculpture, and a Florida trip, as well as the $ 25,000 cash payment at issue. Respondent has not argued, and we therefore do not decide, the tax consequences of petitioner's receipt of the certificate, sculpture, and trip. Decision *278 will be entered for the respondent.