JAMES J. AUBORN AND KAREN J. AUBORN, PETITIONERS
*v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 33796-87.          Filed November 20, 1989.

*James B. Lewis* and *Robert Delloff,* for the petitioners.
*Donald M. Brachfeld,* for the respondent.

## OPINION

NIMS, *Chief Judge:* This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code.[1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* Respondent issued a notice of deficiency in petitioners' 1985 Federal income tax in the amount of $2,770. After concessions, the issues remaining for consideration are:

(1) Whether receipt of a $5,000 award for sustained individual performance from petitioner James J. Auborn's employer is includable in petitioners' gross income; and

(2) Whether petitioners are liable for an addition to tax under section 6653(a)(1) and (2).

---

[1]This case was assigned pursuant to sec. 7443A and Rule 180 et seq. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

At the time the petition was filed, petitioners resided in Warren, New Jersey.

Dr. James J. Auborn (hereinafter petitioner), commenced employment with AT&T Bell Laboratories (hereinafter Bell Labs) in 1976 as a chemist. Over the years, petitioner reached an internationally recognized status as a leader in electrochemistry of non-aqueous solutions. During the taxable year 1985, petitioner was nominated by his supervisor without his knowledge, and was selected by his employer, to be a recipient of one of Bell Labs' Distinguished Technical Staff Awards (DTS Award). Selection for the award was based on petitioner's record of sustained performance as an employee with Bell Labs. The DTS Award was created to honor nonsupervisory technical staff with 10 or more years of service. It was Bell Labs' stated goal to reward, over time, 10 percent of those employees eligible to receive the award. The award was accompanied by a plaque describing petitioner's record of sustained performance and a $5,000 lump sum merit payment. Bell Labs withheld Federal income tax, Social Security tax, State income tax, and a payment to the Bell System Savings Plan.

A letter to petitioner from the executive director of his division at Bell Labs regarding petitioner's DTS Award states, "Your achievements constitute important contributions to the work of the Materials Science and Engineering Division." The letter further describes the accomplishments of petitioner and notes the usefulness of petitioner's work "for application in customer premises equipment."

During the taxable year 1985, petitioners received dividend income in the amount of $13,297. On their 1985 return, petitioners failed to report $198 in dividend income received from Southwestern Bell. Petitioner owned stock of AT&T prior to its divestiture in 1984. Petitioner received dividends in 1985 from each of the seperate companies existing after the divestiture, including Southwestern Bell. Petitioners concede that the $198 in dividend income is properly reportable on their 1985 return.

Also on their jointly filed Federal income tax return for the taxable year 1985, petitioners reported the $5,000 award

as income. Subsequently, petitioners filed an amended return which excluded the $5,000 award.

Respondent determined in his notice of deficiency that the $5,000 award is includable in income. Respondent also determined that petitioner's failure to report dividend income was due to negligence. Petitioners dispute these two adjustments.

OPINION

Section 74(a) provides that gross income includes amounts received as prizes and awards.[2] Section 74(b) provided an exception to this treatment for certain prizes and awards. Section 74(b) provided:

SEC. 74(b). EXCEPTION.—Gross income does not include amounts received as prizes and awards made primarily in recognition of religious, charitable, scientific, educational, artistic, literary, or civic achievement, but only if—

(1) the recipient was selected without any action on his part to enter the contest or proceeding; and

(2) the recipient is not required to render substantial future services as a condition to receiving the prize or award.

Petitioner contends that the award to him is excludable from income under section 74(b). According to petitioner, the award was made in recognition of his scientific achievements, he was selected for the award without any action on his part to enter a contest or proceeding, and he was not required to render substantial future services as a condition to receiving the award. Thus, petitioner argues, the award meets the three requirements for excludability under section 74(b).

Respondent contends that the award was given to petitioner in connection with his employment at Bell Labs, and is thus includable in gross income under section 1.74-1, Income Tax Regs. That section provides in part as follows:

Sec. 1.74-1. Prizes and awards.

(a) *Inclusion in gross income.* * * * Prizes and awards which are includible in gross income include * * * any prizes and awards from an

---

[2]The 1986 Tax Reform Act, Pub. L. 99-514, sec. 122(a)(1), 100 Stat. 2109, amended sec. 74 for prizes and awards granted after Dec. 31, 1986.

employer to an employee in recognition of some achievement in connection with his employment.

* * * * * * *

(b) *Exclusion from gross income.* * * * Section 74(b) does not exclude prizes or awards from an employer to an employee in recognition of some achievement in connection with his employment.

Petitioner maintains, however, that the regulation is an unreasonably restrictive interpretation of the statute. According to petitioner, the statute does not explicitly require inclusion in income of an otherwise qualified award simply because the award is made by a recipient's employer.

The legislative history of section 74 plainly states that it was not Congress' intent to exclude from income prizes or awards received by employees in connection with their employment. The Senate report, which is substantially the same as the House report, states in part:

Subsection (b) is not intended to exclude prizes or awards from an employer to an employee in recognition of some achievement in connection with his employment, such as having the largest sales record or best production record during a certain period. [S. Rept. 1622, 83d Cong., 2d Sess., reprinted in 3 U.S. Code Cong. & Admin. News 4813 (1954).]

Thus, it is clear that the regulation is not on its face an impermissible interpretation of section 74(b).

We have previously upheld the regulation in question, section 1.74-1, Income Tax Regs. *Denniston v. Commissioner,* 41 T.C. 667, 673 (1964), affd. 343 F.2d 312 (D.C. Cir. 1965). As we stressed in *Denniston,* the regulations do not provide a—

broad principle that under no circumstances can a payment by an employer to an employee come within the exclusion. Rather, such regulations provide that there can be no exclusion under section 74(b) where a prize or an award is given by an employer to an employee in recognition of some achievement *in connection with his employment.* * * * [Emphasis in original. *Denniston v. Commissioner, supra* at 672.]

In *National Muffler Dealers Association v. United States,* 440 U.S. 472 (1979), the Supreme Court upheld section 1.501(c)(6), Income Tax Regs., stating that interpretative regulations are presumed valid if they implement the legislative intent of Congress in some reasonable manner. The Court stated as follows:

A regulation may have particular force if it is a substantially contemporaneous construction of the statute by those presumed to have been aware of Congressional intent. * * * Other relevant considerations are the length of time the regulation has been in effect, the reliance placed on it, the consistency of the Commissioner's interpretation, and the degree of scrutiny Congress has devoted to the regulation during subsequent re-enactments of the statute. [Citations omitted. *National Muffler Dealers Association v. United States, supra* at 477.]

The regulation was adopted on July 6, 1955, by T.D. 6137, 1955-2 C.B. 27, nearly contemporaneously with the enactment of section 74 in the Internal Revenue Code of 1954. Although section 74 was amended by the Tax Reform Act of 1986, until that modification, both section 74 and section 1.74-1, Income Tax Regs., had remained unchanged for over 30 years, during which time both the courts and the Internal Revenue Service have relied on the regulation as a valid interpretation of the statute. Thus, section 1.74-1, Income Tax Regs., is entitled to a presumption of validity under *National Muffler Dealers Association v. United States, supra.* The regulation is neither unreasonable nor inconsistent with the statute. Accordingly, it must be sustained. *Commissioner v. South Texas Lumber Co.,* 333 U.S. 496, 501 (1948).

Almost every court to consider the question has characterized an award from an employer to an employee as taxable compensation that is not excludable under section 74(b). *Rogallo v. United States,* 475 F.2d 1 (4th Cir. 1973); *Griggs v. United States,* 161 Ct. Cl. 84, 314 F.2d 515 (1963); *Denniston v. Commissioner, supra; Crowell v. Commissioner,* T.C. Memo. 1989-268; *Marquette University v. United States,* 645 F.Supp. 1007 (E.D. Wis. 1985).

Petitioner relies on *Jones v. Commissioner,* 743 F.2d 1429 (9th Cir. 1984), revg. 79 T.C. 1008 (1982), wherein the Court of Appeals for the Ninth Circuit held that an award from an employer to an employee was excludable from gross income. In *Jones,* a renowned aerodynamicist received a lifetime achievement award of $15,000 from the National Aeronautics and Space Administration (NASA) for his contributions to NASA and the scientific community over a 30-year career with the Government. The Ninth Circuit held that the payment was intended to honor the recipient's lifetime scientific accomplishments and was not intended as compen-

sation. The court of appeals further stated, however, that if an employer intended to compensate the employee in making the award, then the award should be included in the employee's income. *Jones v. Commissioner, supra* at 1433.

As in *Crowell v. Commissioner,* T.C. Memo. 1989-268, we need not decide whether to follow the Ninth Circuit's opinion in *Jones,* because the award to petitioner is taxable under the criteria of that case, as well as the rule provided in section 1.74-1, Income Tax Regs.[3] Based on the entire record, we find that it was the intent of Bell Labs to compensate petitioner when it awarded him the DTS Award.

The letter to petitioner congratulating him on his receipt of the award discusses the benefit to Bell Labs of the work for which petitioner received the DTS Award. It is difficult to imagine any circumstances under which a systematic awards program calculated to reward 10 percent of a group of employees for their work-related achievements could not be considered compensation to the recipients. The award was clearly made in connection with petitioner's employment since it was given in recognition of work performed by petitioner in the course of his employment at Bell Labs. Accordingly, the award is taxable as compensation under the opinion of the Ninth Circuit in *Jones* and under the regulations.

The second issue is whether petitioners are liable for additions to tax for negligence under section 6653(a) for omitting a $198 dividend from Southwestern Bell.[4] Section 6653(a) provides for an addition to tax if any portion of any underpayment is attributable to negligence or intentional disregard of rules or regulations. Section 6653(g) creates a presumption that failure to include interest or dividend payments reported by a payor on an information return is due to negligence in the absence of clear and convincing evidence to the contrary. The addition to tax, however, is limited by section 6653(g) to the portion of the underpayment which is attributable to the failure to include the

---

[3]We note that this case is appealable to the U.S. Court of Appeals for the Third Circuit, which has not had occasion to consider this question. Thus, we are not bound by the decision in *Jones v. Commissioner,* 743 F.2d 1429 (9th Cir. 1984). *Golsen v. Commissioner,* 445 F.2d 985 (10th Cir. 1971), affg. 54 T.C. 742 (1970).

[4]Respondent does not argue that petitioners are liable for the addition to tax for negligence based on their treatment of the award to petitioner by Bell Labs.

amount reported on the information return. For purposes of section 6653(a), negligence is defined as lack of due care or failure to do what a reasonable and ordinarily prudent person would do under like circumstances. *Neely v. Commissioner*, 85 T.C. 934, 947 (1985). It is well established that petitioners bear the burden of proof on this issue. *Bixby v. Commissioner*, 58 T.C. 757, 791-792 (1972).

Petitioners conceded that the dividend was omitted from their return, but they argue that the omission was an honest mistake resulting from the divestiture of AT&T. Petitioners failed to offer clear and convincing evidence to overcome the presumption of negligence pursuant to section 6653(g). Mrs. Auborn testified that she had no explanation for the failure to include the Southwestern Bell dividend. Neither petitioner suggested that a Form 1099 from Southwestern Bell was not received by them.

Accordingly, petitioners have failed to rebut the presumption of negligence, and we sustain the addition to tax for negligence.

*Decision will be entered for the respondent.*