FRED M. BURG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burg v. Commissioner
Docket No. 23131-88
United States Tax Court
T.C. Memo 1989-624; 1989 Tax Ct. Memo LEXIS 623; 58 T.C.M. (CCH) 728; T.C.M. (RIA) 89624; November 20, 1989
*623 P was employed by Bell Labs as a systems engineer. P received two cash awards in 1985 from Bell Labs. The first award of $ 5,000 was in recognition of a sustained history of outstanding achievements. The second award of $ 1,000 was for a particular achievement which furthered the goals of Bell Labs. Held: The awards were given to P by his employer in connection with his employment as compensation for P's services and are not excludable under section 74(b). James Berton Lewis and Paul S. Gardella, for the petitioner. Clare Wallace, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: Respondent determined a deficiency in the amount of $ 2,186.30 in petitioner's Federal income tax for 1985. The issue for decision is whether two cash awards received by petitioner in 1985 are excludable from gross income under section 74(b). [1]
FINDINGS OF FACT At the time the petition was filed, petitioner resided in West Long Branch, New Jersey. During 1985, petitioner was employed as a systems engineer by AT&T Bell Laboratories (Bell Labs) and was a member of its technical staff. Bell Labs is the research arm of AT&T. The *625 technical staff at Bell Labs comprises individuals with degrees in mathematics, physics, computer science, engineering, and chemistry. Petitioner worked in the field of computer science. In 1979, petitioner began work on computer networks and the development of computer protocols, which are rules and procedures by which computers and computer networks operate. Petitioner played an important role in the development of the computer protocol called "X.25" or "ISO Standard 8208." The protocol is used worldwide and has many applications. In addition, petitioner has published numerous articles in computer science journals. In 1982, Bell Labs created the Distinguished Technical Staff Award (DTS Award) "to recognize and reward individual employees who have achieved a record of sustained individual performance." In 1985, recipients of the award received a $ 5,000 one-time cash payment, an award plaque, and a private office with office services equivalent to those of supervisors on a permanent basis. The DTS Award was created to honor nonsupervisory technical staff with 10 or more years of service. It was Bell Labs' stated goal to reward, over time, 10 percent of those employees eligible *626 to receive the award. Nominations for the DTS Award were made by department heads, without any action on the part of nominees. Recipients were not required to perform future services for Bell Labs as a condition for receiving the DTS Award. Petitioner received the DTS Award in 1985 in recognition of his "sustained history of outstanding achievements." The memorandum from petitioner's supervisors nominating him for the DTS Award discusses his contributions to AT&T, including "representing AT&T in key industrial and standards arenas" and "influenc[ing] the direction and definition of emerging standards to AT&T's benefit * * *." A letter to petitioner from the executive director of his division at Bell Labs notes that petitioner had "an impressive record of achievement in effectively representing AT&T's interest" in several areas of computer network architecture and protocols. The letter further states that petitioner's "key role * * * was essential for the viable design of our emerging products" and congratulates petitioner on his distinguished career as a member of the Bell Labs technical staff. Petitioner also received an award in 1985 called the "Exceptional Contribution *627 Award (EC Award)." Bell Labs created the EC Award "to recognize outstanding accomplishments in support of the goals of AT&T, its Lines of Business, and AT&T Bell Laboratories." The EC Award was an award given by Bell Labs to recognize a single outstanding achievement and consisted of a single $ 1,000 cash payment. The particular achievement for which petitioner received the EC Award is not established by the record in this case. Bell Labs withheld Federal income tax, social security tax, and State income tax from each of the awards received by petitioner in 1985. The memorandum to Bell Labs supervisors describing the EC Award states that the award is taxable to the recipient. Petitioner reported the awards as taxable income on his 1985 Federal income tax return, but subsequently filed an amended 1985 return, claiming that the total amount of the two awards, $ 6,000, was excludable from income under section 74. Petitioner received a refund of the taxes he paid with respect to the two awards. OPINION Section 74(a) provides that gross income includes amounts received as prizes and awards. [2]Section 74(b) provided an exception to this treatment for certain prizes and awards. Section *628 74(b) provided: (b) Exception. -- Gross income does not include amounts received as prizes and awards made primarily in recognition of religious, charitable, scientific, educational, artistic, literary, or civic achievement, but only if -- (1) the recipient was selected without any action on his part to enter the contest or proceeding; and (2) the recipient is not required to render substantial future services as a condition to receiving the prize or award. Petitioner contends that the two awards to him are excludable from income under section 74(b). According to petitioner, the awards were made in recognition of his achievements in the field of computer science, he was selected for the awards without any action on his part to enter a contest or proceeding, and he was not required to render substantial future services as a condition to receiving the awards. Thus, petitioner argues, the awards meet the three requirements for excludability under section 74(b). Respondent contends that the awards were given to petitioner in connection *629 with his employment at Bell Labs, and are thus includable in gross income under section 1.74-1, Income Tax Regs. That section provides in part as follows: Sec. 1.74-1. Prizes and awards. (a) Inclusion in gross income. * * * Prizes and awards which are includible in gross income include * * * any prizes and awards from an employer to an employee in recognition of some achievement in connection with his employment. * * * (b) Exclusion from gross income. * * * Section 74(b) does not exclude prizes or awards from an employer to an employee in recognition of some achievement in connection with his employment. Petitioner maintains, however, that the regulation is an unreasonably restrictive interpretation of the statute. According to petitioner, the statute does not explicitly require inclusion in income of an otherwise qualified award simply because the award is made by a recipient's employer. The legislative history of section 74 plainly states that it was not Congress' intent to exclude from income prizes or awards received by employees in connection with their employment. The Senate report, which is substantially the same as the House report, states in part: Subsection *630 (b) is not intended to exclude prizes or awards from an employer to an employee in recognition of some achievement in connection with his employment, such as having the largest sales record or best production record during a certain period. [S. Rept. No. 1622, 83d Cong., 2d Sess., reprinted in 3 U.S. Code Cong. & Admin. News 4813 (1954).] Thus, it is clear that the regulation on its face is not an impermissible interpretation of section 74(b). We have previously upheld the regulation in question, section 1.74-1, Income Tax Regs.Denniston v. Commissioner, 41 T.C. 667, 673 (1964), affd. 343 F.2d 312 (D.C. Cir. 1965). As we stressed in Denniston, the regulations do not provide a -- broad principle that under no circumstances can a payment by an employer to an employee come within the exclusion. Rather, such regulations provide that there can be no exclusion under section 74(b) where a prize or an award is given by an employer to an employee in recognition of some achievement in connection with his employment. * * * [Emphasis in original. Denniston v. Commissioner, supra at 672.] In National Muffler Dealers Association v. United States, 440 U.S. 472 (1979), *631 the Supreme Court upheld section 1.501(c)(6), Income Tax Regs., stating that interpretative regulations are presumed valid if they implement the legislative intent of Congress in some reasonable manner. The Court stated as follows: A regulation may have particular force if it is a substantially contemporaneous construction of the statute by those presumed to have been aware of Congressional intent. * * * Other relevant considerations are the length of time the regulation has been in effect, the reliance placed on it, the consistency of the Commissioner's interpretation, and the degree of scrutiny Congress has devoted to the regulation during subsequent re-enactments of the statute. [Citations omitted. National Muffler Dealers Association v. United States, supra at 477.] The regulation was adopted on July 6, 1955, by T.D. 6137, 1955-2 C.B. 27, nearly contemporaneously with the enactment of section 74 in the Internal Revenue Code of 1954. Although section 74 was amended by the Tax Reform Act of 1986, until that modification, both section 74 and section 1.74-1, Income Tax Regs., had remained unchanged for over 30 years, during which time both *632 the courts and the Internal Revenue Service have relied on the regulation as a valid interpretation of the statute. Thus, section 1.74-1, Income Tax Regs., is entitled to a presumption of validity under National Muffler Dealers Association v. United States, supra.The regulation is neither unreasonable nor inconsistent with the statute. Accordingly, it must be upheld. Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501 (1948). Almost every court to consider the question has characterized an award from an employer to an employee as taxable compensation that is not excludable under section 74(b). Rogallo v. United States, 475 F.2d 1 (4th Cir. 1973); Griggs v. United States, 161 Ct. Cl. 84, 314 F.2d 515 (1963); Denniston v. Commissioner, supra; Crowell v. Commissioner, T.C. Memo. 1989-268; Marquette University v. United States, 645 F.Supp. 1007 (E.D. Wis. 1985). Petitioner relies on Jones v. Commissioner , 743 F.2d 1429 (9th Cir. 1984), revg. 79 T.C. 1008 (1982), wherein the Court of Appeals for the Ninth Circuit held *633 that an award from an employer to an employee was excludable from gross income. In Jones, a renowned aerodynamicist received a life-time achievement award of $ 15,000 from the National Aeronautics and Space Administration (NASA) for his contributions to NASA and the scientific community over a 30-year career with the Government. The Ninth Circuit held that the payment was intended to honor the recipient's lifetime scientific accomplishments and was not intended as compensation. The court of appeals further stated, however, that if an employer intended to compensate the employee in making the award, then the award should be included in the employee's income. Jones v. Commissioner, supra at 1433. As in Crowell v. Commissioner, T.C. Memo. 1989-268, we need not decide whether to follow the Ninth Circuit's opinion in Jones, because the awards to petitioner are taxable under the criteria of that case, as well as the rule provided in section 1.74-1, Income Tax Regs.[3] Based on the entire record, we find that it was the intent of Bell Labs to compensate petitioner when it awarded him the DTS Award and the EC Award. *634 Both the memorandum nominating petitioner for the DTS Award and the letter to him congratulating him on his receipt of the award discuss the benefit to Bell Labs of the work for which petitioner received the DTS Award. It is difficult to imagine any circumstances under which a systematic awards program calculated to reward 10 percent of a group of employees for their work-related achievements could not be considered compensation to the recipients. The record is not clear as to the particular accomplishment for which petitioner received the EC Award, but it was established that the award is given in recognition of a particular contribution by the recipient in support of the goals of AT&T. We have noted that the Bell Labs memorandum describing the EC Award states that the award is taxable to recipients, and that Federal and state income tax was withheld from both the DTS Award and the EC Award received by petitioner. While not controlling, this is evidence of Bell Labs' intent to compensate employees who received the awards. Both awards were clearly made in connection with petitioner's employment since they were given in recognition of work performed by petitioner in the course *635 of his employment at Bell Labs. Accordingly, the awards are taxable as compensation under the opinion of the Ninth Circuit in Jones and under the regulations. Decision will be entered for the respondent. Footnotes
1. This case was assigned pursuant to sec. 7443A and Rule 180 et seq. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The 1986 Tax Reform Act, Pub. L. 99-514, sec. 122(a)(1), 100 Stat. 2109, amended sec. 74↩ for prizes and awards granted after Dec. 31, 1986.
3. This case is appealable to the United States Court of Appeals for the Third Circuit. Thus, we are not bound in this case by the opinion of the Ninth Circuit in Jones v. Commissioner, 743 F.2d 1429 (9th Cir. 1984). Golsen v. Commissioner, 445 F.2d 985 (10th Cir. 1971), affg. 54 T.C. 742↩ (1970).